[No. 887. Decided March 24, 1894.]

CLARENCE M. BARTON AND C. T. CONOVER, *Respondents*, v. CHARLES H. SPINNING AND MILDRED D. SPINNING, *Appellants*.

SPECIFIC PERFORMANCE — INDEFINITE CONTRACT — SUFFICIENCY OF EVIDENCE.

A contract for the purchase of lands at the expiration of one year from date in consideration that the parties of the second part "will, through the Tacoma *Ledger*, use their best endeavors to advance the value of said lands," and other lands of the party of first part in the vicinity thereof, is not founded upon a consideration which can be specifically enforced, owing to its indefiniteness, and, consequently, does not afford a sufficient consideration to support an action for specific performance in behalf of the parties of the second part.

Where an option for the purchase of lands one year from date was given in consideration of the plaintiffs' using their best endeavors to advance the value of adjacent lands through the columns of a daily paper upon which they were employed, plaintiffs are not entitled to a decree of specific performance when the proofs show that it was beyond their power to make such use of the columns of said paper as was contemplated by the contract, and that they refused when requested to perform their part of the contract, whereupon they had been notified that the option was no longer in force.

*Appeal from Superior Court, Pierce County.*

*Stevens, Seymour & Sharpstein*, for appellants.

*James M. Ashton*, and *Thad. Huston*, for respondents.

The opinion of the court was delivered by

HOYT, J. — This action was brought to secure the specific performance of a contract in writing by which it was claimed the appellants had agreed to convey certain real estate to the respondents.    The material part of said contract was as follows:

"That the said party of the first part, for and in consideration of one dollar, to him in hand paid, and the further consideration that we will, through the Tacoma *Ledger*, use our best endeavors to advance the value of said lands, gives the said parties of the second part an option to purchase a certain forty acres of land described as follows, being in the Territory of Washington and county of Pierce: The northeast one-quarter of the southwest one-quarter of section 3, township 20, north of range 4 east.

"At the expiration of one year from date hereof, the parties of the second part may buy said forty acres of land by payment of twenty-five dollars per acre, payment to be tendered at the office of Theodore C. Sears, attorney, in the city of Tacoma, W. T.   Should the party of the first part sell his land adjoining the above described forty acres, and of which the latter is a part, within one year from the date hereof, the parties of the second part shall have the privilege of having their forty acres above described included in the same sale and at the same price, and shall only pay the party of the first part therefor at the rate of twenty-five dollars per acre; or should the parties of the second part not wish to have their forty acres included in said sale, they may at the time secure absolute title therefor by payment of twenty-five dollars per acre to the party of the first part in manner described above.   Should the party of the first part plat his land adjoining within one year from date hereof, the parties of the second part shall also cause the above described forty acres to be platted."

The complaint founded upon said contract alleged that the respondents had tendered payment and were then ready to pay for said land at the agreed price of $25 per acre. It also alleged that they had performed the other conditions of the contract on their part.

Two questions are presented upon the appeal: *First*, As to the validity of the contract; and, *second*, as to the effect of the proof offered to show a performance thereof on the part of the respondents. As to the first question, it is suggested that the consideration for the option as expressed in the contract is too indefinite to be the foundation of a right of action; that the general statement that the respondents are to use their best endeavors through the Tacoma *Ledger* to advance the value of said lands is not a sufficiently specific agreement on their part; that its performance could not be specifically decreed as against the respondents, and that, for these reasons, it is not a sufficient consideration to support an action for specific performance in their behalf.

The respondents contend that the money consideration to be paid for the land would furnish a sufficient consideration. But an examination of the contract in its entirety shows clearly that the parties contemplated other than a money consideration as the equivalent for the conveyance of the land by the appellants to the respondents. There was no obligation on their part to take the land and pay therefor the agreed cash price. They did not bind themselves to do anything.

Such being the terms of the contract, the cash price to be paid for the land had nothing to do with the consideration for the option to purchase. The entire consideration for such option was that which the respondents were to do and have done to advance the value of the lands to be conveyed, and other lands of the appellants in that vicinity. It is true that there was the payment of one dollar stated in the contract, but it is evident that this was not the consideration which induced its execution. The real consideration was the benefit expected from the use of the columns of the *Ledger*, and if such use had been so defined as to make it certain, it would no doubt have been a good consideration. It was not so defined, but was left so indefinite that no legal right or obligation could be founded thereon.

The terms of the contract were not aided by the proofs. On the contrary, it affirmatively appeared therefrom that the respondents were unable to do the little required of them, if the contract could be so construed as to make it binding upon the parties thereto. If it could be so construed, it would appear therefrom that the parties assumed that the respondents were in a situation to control the columns of the *Ledger* for the purpose of causing such articles to appear therein as would advance the price of property in the part of the city where these lands were situated, and especially the locality covered by the land owned by the appellants at the time of making the contract. The proofs fail to show that respondents caused the columns of the *Ledger* to be used for that purpose to the extent contemplated by the parties to the contract; on the contrary, they fully establish the fact that it was beyond their power to make such use of said columns. Hence, the consideration for the option failed, even if, as expressed in the contract, it was a good one.

The respondents having failed to comply with their part of the contract for the option cannot, of course, compel a performance by the other party. Not only was it made to appear by the proofs that they failed to comply with their contract in that regard, but it further appeared therefrom that they were properly requested to perform their part of the contract and that they refused; whereupon appellants duly notified them that their option was no longer in force.

The judgment must be reversed, and the cause remanded with instructions to dismiss the action.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J., not sitting.