BENEDICT et al. v. GUARDIAN TRUST CO.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. CORPORATIONS—LIABLE FOR DECEIT—FALSE PROSPECTUS.
    An action of deceit lies against a corporation for false representations contained in a prospectus issued by it, whereby the plaintiffs were induced to subscribe for stock.

2. PLEADING AND PRACTICE—JOINDER OF CAUSES—STATUTES.
    Under Code Civ. Proc. § 484, providing that two or more causes of action for injuries to personal property may be joined in the same complaint, the causes of action for deceit of different subscribers to stock in a corporation were properly joined in one action, where the same had been assigned to the plaintiff.

Appeal from special term, New York county.

Action by Elias C. Benedict and others against the Guardian Trust Company. From a judgment overruling a demurrer to the complaint, the defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Joseph Kling, for appellant.
E. T. Rice, Jr., for respondents.

PATTERSON, J. There are 18 causes of action set forth in the complaint herein, each of which contains appropriate allegations to charge the defendant with liability for false representations con-

tained in a prospectus issued by it, upon the faith of which representations the various parties in whom the right of action originally vested subscribed to stock of a corporation known as the Chicago Zinc-Mining Company. All of the causes of action were assigned to the plaintiffs. The defendant, demurring to the complaint, insists that an action for deceit will not lie against a corporation. That contention finds support in some adjudicated cases in England and in other jurisdictions, but more recent views of courts and text writers favor a contrary rule, and assimilate the liability of a corporation for false representations made by those having authority to bind it to that of an individual against whom a cause of action of the same character is alleged. As stated by Mr. Cook in his treatise on the Law of Corporations (section 15b), "Although a corporation may not be strictly guilty of deceit, yet it is held liable for damages resulting from the false and fraudulent representations of its agents." The cases cited by the author support the text. In Bank v. Graham, 100 U. S. 699, 25 L. Ed. 750, Mr. Justice Swayne, in considering the liability of a corporation for wrongs, says that "it may be sued for assault and battery, for fraud, for deceit, for false imprisonment, for malicious prosecution, for nuisance, and for libel." In Rohrschneider v. Insurance Co., 76 N. Y. 216, the defendant was held liable for false representations contained in a pamphlet issued by one of its agents, and on the faith of which and other representations the plaintiff took out a policy of insurance; and it was also held that the plaintiff was entitled to recover as damages the amount of cash paid by her upon the policy, with interest from the time of payment. In 7 Am. & Eng. Enc. Law (2d Ed.) 831, it is said that "formerly there was some doubt in the United States as to the liability of a corporation for fraud. But it is now well settled, both at law and in equity, that a corporation is bound by and liable for the frauds and false representations of its officers and agents, to the same extent as an individual, if they were acting within the general scope of their authority,"—citing the following New York cases: Hunter v. Machine Co., 20 Barb. 507; Railroad Co. v. Schuyler, 34 N. Y. 30; Craigie v. Hadley, 99 N. Y. 131, 1 N. E. 537, 52 Am. Rep. 9; Fifth Ave. Bank of New York v. Forty-Second St. & G. St. Ferry R. Co., 137 N. Y. 231, 33 N. E. 378, 19 L. R. A. 331, 33 Am. St. Rep. 712. In Frank v. Bradley & Currier Co., 42 App. Div. 178, 58 N. Y. Supp. 1032, an action for damages against a corporation for false representations made by one of its officers was sustained by this court, but the particular point now before us was not discussed in the opinion.

It is urged, as a second ground of demurrer, that causes of action are improperly joined; that each of the injured parties has a separate and independent cause of action, and the wrong done one is not related to that done the others. But the causes of action set up in the complaint were transferred by assignment to the plaintiffs. There is no doubt that such causes of action are assignable (section 1910 of the Code of Civil Procedure), and, thus vesting in the plaintiffs, they may be joined in one action; for two or more causes of action for injuries to personal property may be joined, as provided in section 484 of the Code of Civil Procedure. An injury to property is an actionable

act whereby the estate of another is lessened, other than a personal injury or the breach of a contract. Subdivision 10, § 3343, of the Code. Fraudulent representations, upon the faith of which one is induced to part with money or property, constitute such an actionable act, as was held in Paper Co. v. Searing, 47 Hun, 237.

The interlocutory judgment overruling the demurrer is affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer within 20 days, on the payment of costs in this court and in the court below. All concur.