ELIAS C. BENEDICT and Others, Respondents, *v.* GUARDIAN TRUST COMPANY, Appellant.

*An action lies against a corporation for false representations — an assignee of several such causes of action may unite them in one complaint.*

An action will lie against a corporation to recover damages for false representations contained in a prospectus issued by it, upon the faith of which representations the plaintiff subscribed to the stock of another corporation.

The cause of action, arising in favor of each of the persons deceived by the representations, is assignable; and when two or more of such causes of action are assigned to the same person, they may be joined in the same complaint.

APPEAL by the defendant, the Guardian Trust Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 19th day of November, 1900, upon the decision of the court rendered after a trial at the New York Special Term overruling the demurrer to the complaint.

*Joseph Kling,* for the appellant.

*Edwin T. Rice, Jr.,* for the respondents.

PATTERSON, J.:

There are eighteen causes of action set forth in the complaint herein, each of which contains appropriate allegations to charge the defendant with liability for false representations contained in a prospectus issued by it, upon the faith of which representations the various parties, in whom the right of action originally vested, subscribed to stock of a corporation, known as the Chicago Zinc Mining Company. All of the causes of action were assigned to the plaintiffs. The defendant demurring to the complaint insists that an action for deceit will not lie against a corporation. That contention finds support in some adjudicated cases in England and in other jurisdictions, but more recent views of courts and text writers favor a contrary rule and assimilate the liability of a corporation for false representations made by those having authority to bind it, to that of an individual against whom a cause of action of the same character is alleged. As stated by Mr. Cook, in his treatise on the Law

of Corporations (§ 15b): "Although a corporation may not strictly be guilty of deceit, yet it is held liable for damages resulting from the false and fraudulent representations of its agents." The cases cited by the author support the text. In *National Bank* v. *Graham* (100 U. S. 699), Mr. Justice Swayne, in considering the liability of corporations for wrongs, says that "it may be sued for assault and battery, for fraud *and deceit,* for false imprisonment, for malicious prosecution, for nuisance and for libel." In *Rohrschneider* v. *Knickerbocker Life Ins. Co.* (76 N. Y. 216) the defendant was held liable for false representations contained in a pamphlet issued by one of its agents and on the faith of which and other representations the plaintiff took out a policy of insurance, and it was also held that the plaintiff was entitled to recover as damages the amount of cash paid by her upon the policy, with interest from the time of payment. In 7 American and English Encyclopædia of Law (2d ed.), 831, it is said that "formerly there was some doubt in the United States as to the liability of a corporation for fraud. But it is now well settled, both at law and in equity, that a corporation is bound by and liable for the frauds and false representations of its officers and agents to the same extent as an individual, if they were acting within the general scope of their authority." Citing the following New York cases: *Hunter* v. *Hudson River Iron & Machine Co.* (20 Barb. 507); *New York & New Haven R. R. Co.* v. *Schuyler* (34 N. Y. 30); *Cragie* v. *Hadley* (99 id. 131; 52 Am. Rep. 9); *Fifth Ave. Bank* v. *Forty-second St., etc., R. R. Co.* (137 N. Y. 231; 33 Am. St. Rep. 712). In *Frank* v. *Bradley & Currier Co.* (42 App. Div. 178) an action for damages against a corporation for false representations made by one of its officers was sustained by this court, but the particular point now before us was not discussed in the opinion.

It is urged as a second ground of demurrer that causes of action are improperly joined; that each of the injured parties has a separate and independent cause of action, and the wrong done one is not related to that done the others. But the causes of action set up in the complaint were transferred by assignment to the plaintiffs. There is no doubt that such causes of action are assignable (Code Civ. Proc. § 1910), and thus vesting in the plaintiffs they may be joined in one action, for two or more causes of action for injuries to

personal property may be joined as provided in section 484 of the Code of Civil Procedure. An injury to property is an actionable act whereby the estate of another is lessened, other than a personal injury or the breach of a contract. (Code, § 3343, subd. 10.) Fraudulent representations, upon the faith of which one is induced to part with money or property, constitute such an actionable act as was held in *Campion Card & Paper Co.* v. *Searing* (47 Hun, 237).

The interlocutory judgment overruling the demurrer is affirmed, with costs, with leave to the defendant to withdraw the demurrer and answer within twenty days, on the payment of costs in this court and in the court below.

Van Brunt, P. J., Rumsey, O'Brien and McLaughlin, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer in twenty days, on payment of costs in this court and in the court below.