CHARLES K. BUCKLEY, DEFENDANT IN ERROR, v. JOHN B. WOOD ET UX., PLAINTIFFS IN ERROR.

Submitted March 25, 1902—Decided June 16, 1902.

By a paper-writing, on September 14th, 1897, it was witnessed that J. B. W. and wife agreed to sell, and C. K. B. agreed to buy "all the said J. B. W. and wife's and others' right, title and interest in the agreement for the sale of land in Harleigh Cemetery;" and a sum as earnest-money was paid. In an action at law to recover back the earnest-money, as had and received to the plaintiff's use, the defendants set up as the subject of the contract an agreement of June 28th, 1895, between them and the Harleigh Cemetery Association, whereby they were to receive fifty per centum of future sales of burial lots and tombs within certain land, described as contemporaneously conveyed by them to the association. It appeared that other land in the cemetery had been previously so conveyed, and that there were other agreements between them and the association, and that still other land pointed out to the plaintiff as within the cemetery remained still unconveyed. No agreement was ever shown to the plaintiff, and the evidence failed to bring home to him any identification of the agreement referred to. He testified that he supposed he was buying the cemetery. The receipt given him for the earnest-money was "on account of pur-

chase-price of Harleigh Cemetery as per agreement of this date." It appeared in testimony for the defendants that other undesignated persons were interested with them in the premises. *Held*, that the supposed contract of purchase was too vague and uncertain in description of its subject to warrant an action to charge either party thereon, and that therefore the earnest-money paid was recoverable.

On error to the Camden County Circuit Court.

For the plaintiffs in error, *Howard Carrow*.

For the defendant in error, *Joseph H. Gaskill*.

The opinion of the court was delivered by

COLLINS, J. The plaintiff below declared on the common counts in *indebitatus assumpsit*. Under the general issue the cause went to trial. The claim then asserted was for the recovery back, with interest, of the sum of $500, paid September 14th, 1897, by the plaintiff to the defendants, under a paper-writing, of which the following is a copy:

"This agreement, made this 14th day of September, 1897, whereby John B. Wood and Lydia C. Wood, his wife, agrees to sell, and C. K. Buckley of Brooklyn, N. Y., agrees to buy all the said John B. Wood's and Lydia C. Wood's and others' right, title and interest in the agreement for the sale of land in Harleigh Cemetery, for the sum of one (1) hundred thousand dollars ($100,000), and the amount of good book accounts due Harleigh Cemetery Association. Payment to be made on October 1st, 1897, as follows:

"Fifty thousand dollars in cash, and fifty thousand dollars by mortgage, satisfactorily secured at 5 per cent. per annum, also amount of book accounts to be paid for in cash. The mortgage to run for the term of three years, with privilege of being paid off by mortgagee giving thirty days' notice of his intention so to do.

"LYDIA C. WOOD,      [L. s.]
"JNO. B. WOOD,       [L. s.]
"C. K. BUCKLEY.      [L. s.]
"Witness—ARTHUR M. WOOD."

The case was put to the jury on the question of abandonment by the parties of an intended contract. Verdict went in favor of the plaintiff, and the present writ of error reviews, upon exceptions, the consequent judgment. It is contended that the verdict did not include interest, but on that point the recital of the judgment is conclusive. Interest was a necessary incident to recovery.

Alleged erroneous rulings at the trial and misdirection of the jury need not detain us. No legal evidence was excluded; and, in our judgment, upon the legal evidence admitted, a verdict in favor of the plaintiff might properly have been directed. .

The supposed contract of purchase was too vague and uncertain in description of its subject to warrant an action to charge either party thereon, and therefore, the consideration having failed, the earnest-money paid was recoverable at law. *Ex aequo et bono* the defendants should refund it, and since Lord Mansfield's declaration in *Moses* v. *Macferlan, 2 Burr.* 1005, 1009, it has never been doubted that in such a case an action as for money had and received is the appropriate remedy.

It appears from a letter written August 2d, 1897, by the plaintiff to Mr. Wood, offered in evidence by the defendants, that what the plaintiff sought to purchase was Harleigh Cemetery. He testified that he supposed that such was his contract. The written receipt for the earnest-money expressed that the same was paid "on account of purchase-price of Harleigh Cemetery as per agreement of this date." There was no proof of any different information having been given the plaintiff, except that derivable from the agreement above recited. If that instrument will bear the interpretation that the cemetery, or the part of it remaining after previous sales for interments, was the subject of the contract, no defence against the plaintiff's action was possible, for the defendants disclaimed any purpose to do more than assign to the plaintiff an agreement, dated June 28th, 1895, whereby, among other things, the Harleigh Cemetery Association agreed to pay Mrs. Wood fifty per centum of the proceeds of future sales of

burial lots and tombs within a described tract of land contemporaneously conveyed by the defendants to said association—a minimum price of thirty cents per square foot being fixed by the agreement, subject to increase at the option of the defendants.

The land embraced in that agreement did not include all of Harleigh Cemetery. In the controversy culminating in the action now under review it was claimed for the plaintiff, and apparently conceded on behalf of the defendants, that in the preliminary negotiation the cemetery, as pointed out to the plaintiff, included some meadow land still owned by Mrs. Wood. It was proposed by the defendants to convey that land to the association, subjecting it to the terms of the agreement of 1895, but it was not proved that this was, in fact, done. But, that aside, it was conceded, and indeed recited in that agreement, that a part of the cemetery had been previously conveyed by the defendants to the association, whose president, called for the defendants, testified to the existence of other agreements between the Woods and the association. It cannot certainly be known what agreement was contemplated by the parties to the transaction of September 14th, 1897. None was shown to the plaintiff and the evidence affords no means of identification.

Another uncertainty inheres in the fact that the supposed contract with the plaintiff was for the purchase and sale of the rights of the defendants *and others,* not designated, in whatever agreement was meant. No others except the cemetery association and lot-holders appear, on the face of the agreement of 1895, to have any interest thereunder, but Mr. Wood testified, incidentally, that other persons were, in fact, interested with him and his wife in the agreement, presumably by some sort of assignment. He did not name them or state their number. Certainly the interests intended to be assured to the plaintiff are not expressed in the paper-writing of September 14th, 1897, above copied.

It is true that the parties sought to come together, and that the final disagreement of the counsel acting for them was as

to the character of the mortgage contemplated in the transaction; but the plaintiff waived no right, and we think he is entitled to our declaration that no binding engagement was ever imposed upon him.

The judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 15.

*For reversal*—DIXON. 1.