[No. 10671.  Department Two.  November 4, 1912.]

GEORGE A. BELL, *Appellant*, v. JOVITA HEIGHTS COMPANY, *Respondent.*[1]

PLEADING—DEMURRER—OBJECTIONS RAISED.  On demurrer to the complaint for fraud in the sale to plaintiff of an undivided interest in certain land, it cannot be assumed that the undivided interests were uncertain or incapable of being made certain, where such fact was not pleaded.

VENDOR AND PURCHASER—RECOVERY OF MONEY PAID—FALSE REPRESENTATIONS—COMPLAINT—SUFFICIENCY.  A complaint states a cause of action for the recovery of money procured by fraud, where it alleges that the defendant induced the plaintiff to purchase land, situated at a distance, in reliance upon false representations to the effect that the lots were on a level street, graded and with sidewalks, with adequate light and water facilities and electric railway service.

SAME—PLEADING—RELIANCE ON REPRESENTATIONS.  A complaint for the recovery of money procured by fraudulent representations as to lots sold to the plaintiff sufficiently alleges that the representations were made prior to the execution of the contract, where it is alleged that the plaintiff relied upon the representations and made the contract.

VENDOR AND PURCHASER—RESCISSION BY PURCHASER—TENDER OF RECONVEYANCE—PLEADING—NECESSITY.  In an action by a purchaser to recover money paid on sales induced by fraudulent representations, the complaint is not objectionable in that it fails to allege a tender to reconvey the land, where it does not appear from the complaint that the plaintiff ever received any deed.

ASSIGNMENTS—ACTION BY ASSIGNEE—NECESSARY PARTIES.  In an action upon assigned claims for money procured by fraud and deceit, the assignors are not necessary parties plaintiff, as the right of action may be enforced by the assignee.

ASSIGNMENTS—CHOSE IN ACTION—ACTION FOR FRAUD.  A cause of action for money procured by fraud and deceit in the sale of land, rescinded by the purchaser on discovery of the fraud, survives and is assignable.

ACTIONS—JOINDER OF CAUSES—ASSIGNED DEMANDS FOR FRAUD.  Several rights of action against one defendant for money procured by fraud and deceit, assigned by various parties to one of their number, may all be joined and recovery had in one action under Rem.

[1]Reported in 127 Pac. 289.

& Bal. Code, § 296, authorizing a plaintiff to join as many causes of action as he may have if they arise out of contract, express or implied, or injuries to property.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 22, 1912, dismissing an action to recover money paid under fraudulent representations, upon sustaining a demurrer to the complaint. Reversed.

*Colvin & Nause*, for appellant.

*Kerr & McCord* and *Hammond & Hammond*, for respondent.

ELLIS, J.—The plaintiff prosecutes this appeal from a judgment dismissing his action upon a demurrer to his amended complaint. There are fifty-one causes of action separately stated in the amended complaint, the first of which alleges:

"(1)  That at all times hereinafter mentioned, the defendant, Jovita Heights Company, was and still is a corporation organized and existing under and by virtue of the laws of the state of Washington.

"(2)  That on or about the 20th day of May, 1910, the plaintiff and defendant, by an instrument in writing (which writing is now in the possession of said defendant and ever since has been) made and entered into an agreement, wherein and whereby the defendant agreed to sell and convey to the plaintiff, and the plaintiff was to buy and pay for, as hereinafter set out an undivided interest in a certain tract of land being a part of sections twenty-three (23), twenty-six (26), twenty-seven (27), and thirty-five (35) in township twenty-one (21) north, range four (4) east W. M., all located in King county, Washington. That the agreed price for such undivided interest in said tract of land was to be the sum of one hundred forty ($140) dollars, to be paid as follows, to wit: Ten ($10) dollars upon the making of said agreement, and a further sum of ten ($10) dollars every thirty days thereafter until the complete sum of $140 had been paid. That under said agreement this

plaintiff paid to said defendant the sum of one hundred ($100) dollars.

"(3)   That said tract of land is platted into lots and blocks, which plat was made by said defendant; said lots ranging in size from one hundred twenty feet by forty feet (120 x 40) to five (5) acres. That said defendant falsely and fraudulently represented to this plaintiff that each of the lots in said tract of land faced and adjoined levelled or graded streets and that the streets in said tract of land would be lighted with electricity; that said defendant further falsely and fraudulently represented to this plaintiff that there were sidewalks on the streets and in front of the lots in said tract of land, and that sidewalks were being laid therein; and further falsely and fraudulently represented to this plaintiff that there was adequate light and water facilities, and that said property was very valuable for residence purposes and for suburban homes, and that the same was adequately served by an electric railway line running between the cities of Seattle and Tacoma, Washington, and that another electric interurban line between said cities that was partly built would serve said tract of land.

"(4)   That this plaintiff resides in Pullman, Washington, which is several hundred miles from the tract of land referred to herein, and it was impossible for this plaintiff to personally examine said tract of land, and the conditions surrounding the same, to verify the representations of said defendant, and this plaintiff therefore relied absolutely upon the said false and fraudulent representations of said defendant, and made and entered into the agreement hereinbefore referred to, and paid to said defendant under said agreement the sum of one hundred dollars ($100).

"(5)   That on or about the 20th day of June, 1911, this plaintiff learned for the first time of the false and fraudulent representations of said defendant, as hereinbefore set out; that he thereupon demanded of said defendant the return of said one hundred ($100) dollars, notifying said defendant that he refused to carry out said contract on the grounds of the false and fraudulent nature of the representations of said defendant.

"(6)   That by reason of the facts hereinbefore stated this defendant is indebted to this plaintiff in the sum of one

hundred dollars ($100), and said defendant has failed, neg-
lected and refused to pay the same or any part thereof."

The other causes of action are set forth in substantially
the same terms, except that in each (save the second which
is in the same terms as the first) the contract is alleged to
have been made with a third party who, on his discovery of
the fraud in June, 1911, refused to further carry out the
agreement, and demanded a return of the money paid thereon,
which in the different causes is alleged in sums varying from
$60 to $140. In each of these it is alleged that the respec-
tive contract holder, prior to the commencement of the action,
by a written instrument, a copy of which is attached to and
made a part of the complaint, assigned and transferred to
the plaintiff, for a valuable consideration, his claim of indebt-
edness by reason of the premises against the defendant. The
defendant demurred to the amended complaint, upon the
grounds: (1) That there is a defect of parties plaintiff; (2)
that several causes of action are improperly joined; (3) that
neither the amended complaint nor any of the fifty-one causes
of action states facts sufficient to constitute a cause of action.

The appellant contends that each of the several separately
alleged causes stated a cause of action, because the contracts
therein set up were void for uncertainty in that the instru-
ment did not show the extent of the undivided interest in the
whole tract which each of the parties was to receive. It is
urged that, while the agreement stood in that condition, the
contract could not be specifically enforced, and the trans-
action could be repudiated by either party and the money
paid thereon recovered. If the amended complaint had suf-
ficiently stated these facts, there could be no question of the
correctness of appellant's contention. *Scanlon v. Oliver*, 42
Minn. 538, 44 N. W. 1031; *Buckley v. Wood*, 67 N. J. L.
583, 52 Atl. 564; *Barton v. Spinning*, 8 Wash. 458, 36 Pac.
439. There was no allegation that the undivided interests
were uncertain, or incapable of being made certain without
resort to further negotiation or agreement. We cannot as-

sume the existence of facts not pleaded, in order to declare the contracts void.

The appellant's further contention, that the amended complaint stated a cause of action for the recovery of money procured by means of fraud and deceit, must be sustained. Each of the causes of action contained appropriate allegations to charge the defendant with liability for false and fraudulent representations as to the subject-matter of the contracts, upon the faith of which the various persons in whom the respective rights of action originally vested relied in taking the contracts and paying money thereon. That they had the right to rely upon these representations, under the circumstances pleaded, is well established by the decisions of this court. *Lindsay v. Davidson,* 57 Wash. 517, 107 Pac. 514; *Wooddy v. Benton Water Co.,* 54 Wash. 124, 102 Pac. 1054, 132 Am. St. 1102; *Bailie v. Parker,* 56 Wash. 353, 105 Pac. 834; *Best v. Offield,* 59 Wash. 466, 110 Pac. 17, 30 L. R. A. (N. S.) 55; *West v. Carter,* 54 Wash. 236, 103 Pac. 21; *Jones v. Hawk,* 64 Wash. 171, 116 Pac. 642; *McMillen v. Hillman,* 66 Wash. 27, 118 Pac. 903; *Kuehl v. Scott,* 66 Wash. 318, 119 Pac. 742; *Godfrey v. Olson,* 68 Wash. 59, 122 Pac. 1014.

The respondent contends that the amended complaint was fatally defective in that it did not state that the alleged false representations were made prior to the execution of the contract of purchase. While this is not alleged directly and in so many words, the inference from the allegations of the fourth paragraph above quoted is plain that the representations did antedate the making of the contract, since it is there alleged that the appellant relied thereon and made the agreement. The intention to allege the one as the cause of and inducement to the other is so plain that the respondent can hardly claim to have been misled. Under the liberal rule as to construing pleadings made incumbent upon us by statute (Rem. & Bal. Code, § 307), we are constrained to hold the amended complaint sufficient in this regard.

The respondent also contends that the amended complaint was insufficient in that it failed to state that the appellant or his assignors tendered back deeds of the lands. It is argued that, since the allegations show that on some of the contracts the purchase price had been paid in full, the equitable title was vested in these assignors so as to make an allegation of retender of title by deeds essential to the statement of a cause of action. No authority is cited so holding, and we know of none. Whatever equities the appellant or his assignors had in the land would be fully satisfied and merged by a judgment in his favor. The purpose of reconveyance is to revest the legal title where the purchaser has received the legal title by deed. There is no allegation that the plaintiff or any of his assignors ever received deeds. If in fact any of them have received deeds, their failure to tender reconveyance would be matter of defense. It cannot be raised by a demurrer to the complaint upon the face of which it does not appear that any such conveyance has been made. The amended complaint, though inartificial and unnecessarily vague and inferential in some of its allegations, sufficiently states the causes of action, in the absence of any motion to make it more specific.

There is no defect of parties plaintiff. The action is one to recover the money paid upon each contract on the ground of fraud and deceit in the inception of the contract. According to the allegations of the amended complaint, each contract holder had done all in his power to rescind his contract prior to assigning his claim to the appellant. Each had, as soon as the fraud was discovered, notified the respondent that he refused to carry out the contract because of the fraud, and demanded a return of the money paid. The claim for this money was a chose in action, the right of action for which would survive to the personal representative of the claimant. Such a chose in action is, under Rem. & Bal. Code, § 191, assignable and enforceable in the name of the assignee. *Conaway v. Co-Operative Homebuilders,*

65 Wash. 39, 117 Pac. 716; *Jordan v. Welch,* 61 Wash. 569, 112 Pac. 656; *Slauson v. Schwabacher Bros. & Co.,* 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948; *Johnson v. Shuey,* 40 Wash. 22, 82 Pac. 123; Pomeroy, Code Remedies (3d ed.), §§ 174, 150; 3 Pomeroy, Equity Jurisprudence (3d ed.), § 1275.

Nor can the judgment of the lower court be sustained upon the ground that there was an improper joinder of causes of action. The statute as to joinder of causes of action (Rem. & Bal. Code, § 296), provides that:

"The plaintiff may unite several causes of action in the same complaint, when they all arise out of,—(1) Contract, express or implied; or . . . (3) Injuries, with or without force, to property."

Authority is not wanting to sustain the doctrine that, where money has been paid upon a contract induced by fraud, it is recoverable in an action for money had and received upon the implied contract to repay. This is upon the broad principle that at common law the common count of money had and received was appropriate for the recovery for money obtained by fraud and deceit. *McKinnon v. Vollmar,* 75 Wis. 82, 43 N. W. 800, 17 Am. St. 178, 6 L. R. A. 121; *Rand v. Columbian Realty Co.,* 13 Cal. App. 444, 110 Pac. 322; *Minor v. Baldridge,* 123 Cal. 187, 55 Pac. 783; *Byxbie v. Wood,* 24 N. Y. 67; *Moses v. Macferlan,* 2 Burrow's Rep. 1005.

But whether the action be considered one for money had and received, or the more usual action in equity for fraud and deceit, the cause of action was, as we have seen, assignable, and the action maintainable in the name of the assignee. It is clear that, if considered as the former and the transactions had all been had with the plaintiff personally, he could have joined all of his causes in one action as upon implied contracts under the first subdivision of the statute. It is equally clear that, if it be considered as an equitable suit for deceit, and the transactions had all been had with

him personally, he could have joined all of causes in one suit under the third subdivision of the statute, as separate causes of action arising out of "injuries, with or without force, to property." This language of the statute is broad and comprehensive. Causes of action for such injuries are unitable, regardless of the means whereby the injuries may have been accomplished. The language is broad enough to cover injuries accomplished by fraud and deceit as well as by any other means. Obviously any actionable wrong whereby one's property is impaired or his estate diminished is an injury to his property. Since all of these causes of action have become united in the plaintiff by the assignments, he may unite them in one action in the same complaint by the very terms of the statute. Any other view is without basis in logic or utility in practice. The causes of action all arose at near the same time and upon exactly the same state of facts. They are now vested in the same person. They can and should be disposed of in one action rather than multiply it by fifty-one. *Benedict v. Guardian Trust Co.*, 58 App. Div. 302, 68 N. Y. Supp. 1082; *Benedict v. Guardian Trust Co.*, 91 App. Div. 103, 86 N. Y. Supp. 370; *Keeler v. Dunham*, 114 App. Div. 94, 99 N. Y. Supp. 669; *Conaway v. Co-Operative Homebuilders, supra.*

The demurrer to the amended complaint should have been overruled. The judgment is reversed, and the cause is remanded for further proceeding.

MOUNT, C. J., FULLERTON, MORRIS, and MAIN, JJ., concur.