[No. 11216. Department Two. January 23, 1914.]

## W. D. CHAPMAN, *Appellant*, v. HENRY T. HILL, *Respondent*.[1]

SPECIFIC PERFORMANCE—DEFENSES—FALSE REPRESENTATIONS—MATERIALITY—RELIANCE UPON. Specific performance of a contract for the exchange of property will not be decreed where the contract was induced by plaintiff's false representations that there was nothing but interest due on two mortgages, which did not fall due for two years, when the mortgages were given to secure installment notes for $1,000 falling due the same year and following years; the same being false representations of material facts peculiarly within the plaintiff's knowledge, and not readily ascertainable by the defendant; especially where plaintiff knew defendant would make no personal investigation.

SAME—RIGHT TO RELIEF—PARTIES—COMMUNITY PROPERTY. Specific performance of a contract to convey the community property of the defendant will not be decreed where defendant's wife was not a party to either the contract or the action.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered November 8, 1912, dismissing an action for specific performance, after a trial on the merits to the court. Affirmed.

*John C. Hurspool*, for appellant.

*Dunphy, Evans & Garrecht*, for respondent.

[1]Reported in 137 Pac. 1041.

Morris, J.—Action for the specific performance of a con-
tract for the exchange of real estate. The contract was
made in this state, on May 31, 1912, and covered lands of
appellant situate in Oregon, and lands of respondent situate
in Oregon and Washington. The action was resisted on two
grounds: (1) misrepresentations as to the maturity of two
mortgages upon appellant's lands, one for $3,600, the other
for $1,000; and (2) that the land in this state was the com-
munity property of respondent and his wife, who was a party
to neither the contract nor the action. The court below, with-
out making findings, dismissed the action.

The judgment of dismissal must be sustained upon both
grounds. We find that appellant represented to the respond-
ent, to induce him to enter into the contract, that only $500
interest was then due upon the two mortgages, and that the
mortgages themselves would not be due for two years; while,
as a matter of fact, the mortgages were given to secure in-
stallment notes, one of which for $1,000 was due in October,
1911, and still unpaid; another for $1,000 would become due
in October, 1912; a third in October, 1913, and the remaining
$600 of the $3,600 mortgage would become due in October,
1914. Both of these mortgages were held by nonresidents of
this state. Here we have a false representation of an exist-
ing and material fact, the truth or means of knowledge of
which was peculiarly within the knowledge of one party, and
the opportunity of ascertaining the true facts, not readily
ascertainable, to the other, together with the knowledge by
one party that the other did not intend to make a personal
investigation but relied absolutely on the truth of the facts
communicated to him. These facts vitiated the contract and
rendered it unenforceable. *Bell v. Jovita Heights Co.*, 71
Wash. 7, 127 Pac. 289; *Conta v. Corgiat*, 74 Wash. 28, 132
Pac. 746; *Stewart v. Larkin*, 74 Wash. 681, 134 Pac. 186;
*Borde v. Kingsley*, 76 Wash. 613, 136 Pac. 1172.

Having reached this conclusion, it is unnecessary to dis-
cuss the second point relied upon to sustain the judgment,

other than to say it is well taken. *Armstrong v. Oakley*, 23 Wash. 122, 62 Pac. 499.

The judgment is affirmed.

CROW, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.