ISRAEL T. DEYO and CHARLES H. HITCHCOCK, Respondents, *v.* CHARLES I. HUDSON and Others, as Copartners under the Firm Name of C. I. HUDSON & Co., Appellants.

Third Department, May 5, 1920.

Pleadings — complaint — demurrer on ground that causes of action were improperly united — what must be shown to sustain demurrer — nonsuit for insufficiency of proof — right to institute new action — sufficiency of complaint — complaint stating but one cause of action.

In order to sustain a demurrer to a complaint on the ground that causes of action have been improperly united it must appear that the causes of action pleaded do not arise out of the same transaction or transactions connected with the subject of the action, and that they are not consistent with each other.

Where a judgment of the trial court dismissing the action after the jury returned special findings of fact favorable to the plaintiff on the disputed facts arising on the trial is treated by the Court of Appeals as a nonsuit not on the merits, the plaintiff may institute another action for the same cause of action.

As the complaint in this action contains substantially all of the allegations found in the complaint in the first action, and some additional ones which in no way destroy the original cause of action, and as the Court of Appeals treated the dismissal of the first action by the trial court as a nonsuit not rendered upon the merits because of the insufficiency of the evidence, it follows that the complaint in this action states or must be regarded as presenting a cause of action, valid if it can be established by proper evidence.

In an action brought to recover money damages based on fraudulent representations made by the defendants to the plaintiffs as well as fraudulent concealments on the part of the defendants, the complaint examined, and *held*, to state only one cause of action and that the larceny and embezzlement of trust funds and their subsequent receipt and conversion by the defendants with knowledge, or under circumstances charging them with knowledge, of their origin, alleged in the complaint, may fairly be treated as incidents of and steps in the entire transaction or, at least, as not constituting or being intended to set forth a separate, distinct or separable cause or causes of action.

APPEAL by the defendants, Charles I. Hudson and others, from so much of an order of the Supreme Court, made at the Tioga Trial and Special Term and entered in the office of the clerk of the county of Broome on the 2d day of January, 1920, as directs that the defendants' demurrer be overruled.

*Worcester, Williams & Saxe* [*Nathan L. Miller* and *John G. Saxe* of counsel], for the appellants.

*Hinman, Howard & Kattell* [*Harvey D. Hinman* of counsel], for the respondents.

WOODWARD, J.:

This is an appeal from an order of the Tioga Special Term, entered in Broome county, overruling defendants' demurrer to the complaint, said demurrer having been interposed upon the sole ground that causes of action have been improperly united and that this appears upon the face of the complaint. To sustain a demurrer on this ground it must further appear, as far as the present complaint is concerned, that the causes of action pleaded, assuming that more than one cause is set forth, do not arise out of the same transaction or transactions connected with the same subject of action, and that they are not consistent with each other. (Code Civ. Proc. § 484.)

A prior action, growing out of the transactions involved in the present litigation, has had consideration in the trial court, and also in this court, as well as in the Court of Appeals, on prior appeals from the judgments rendered in that action. (*Deyo* v. *Hudson*, 174 App. Div. 746; 225 N. Y. 602; 226 id. 685.) The trial court dismissed the action, after the jury returned special findings of fact favorable to the plaintiffs on the disputed facts arising upon the trial. This judgment has been treated by the Court of Appeals as a judgment of nonsuit and as not depriving the plaintiffs of the right to bring another suit for the same cause of action, and the suit now before the court is such new action.

The plaintiffs, in the first suit, appealed to this court from the judgment dismissing the suit, and this court reversed the judgment of the trial court, rendered final judgment in favor of the plaintiffs, and against the defendants, based upon the findings of specific facts embodied in the verdict of the jury, and awarded plaintiffs a judgment of upwards of $67,000 damages, interest and costs.

The defendants took a further appeal from the judgment of the Appellate Division to the Court of Appeals, where the judgment was reversed and the judgment of nonsuit of the

trial court affirmed and reinstated. On motion for a reargument in the Court of Appeals a memorandum opinion was handed down wherein that tribunal held, among other things, that the action was for fraud and deceit, and stood or fell on the false representations of defendants' agent, and was not based upon the theory that defendants received moneys stolen from plaintiffs, with notice that it belonged to plaintiffs' clients; that the evidence offered by plaintiffs of their freedom from fault and legal causation was not merely unsatisfactory, but insufficient, and that, while the Court of Appeals could not grant a new trial in its judgment of reversal, the dismissal of the complaint by the trial court, and its affirmance by the Court of Appeals, was not on the merits, and the plaintiffs could maintain a new suit for the same cause of action, within a year after the final determination of the appeal in the Court of Appeals. (Citing Code Civ. Proc. § 405; *Wooster* v. *Forty-second St., etc., R. R. Co.,* 71 N. Y. 471.) The present second suit is thus warranted and authorized under the above rulings of the Court of Appeals.

It further appears to be conceded by both parties that if the present new action is not " for the same cause " as the first action it is barred by the Statute of Limitations, applicable to such an action, but that it is saved from the operation of the statute if it is for the same cause, pursuant to section 405 of the Code of Civil Procedure which, in a situation like the present, extends the time for bringing a new action in case of a reversal on appeal for one year after such reversal.

The decisions above referred to also recognize and hold, that of the Court of Appeals at least by implication, that the complaint in the first suit stated facts constituting a cause of action, and that the nonsuit was proper only because of insufficiency of the evidence, and was not on the merits.

As the complaint in the new suit contains substantially all of the material allegations found in the complaint in the first suit, and some additional ones which in no way destroy the original cause of action, it follows that the complaint in the new action states or must be regarded as presenting a cause of action valid if it can be established by proper

evidence. Indeed, the demurrer to the complaint in the new action is not based on the ground that the complaint does not state a cause of action, but on the ground that the complaint states several causes of action and that these are of a character which cannot be united in the same complaint, as not arising out of the same transaction or transactions connected with the same subject of action, and as not belonging to any one of the groups authorized for joinder by section 484 of the Code, and as not consistent with one another.

The sole question presented on the present appeal is whether it appears upon the face of the new complaint that more than one cause of action is pleaded and, if so, whether the different causes so pleaded are of a nature which prevents their joinder in a single complaint. It is not even necessary, nor perhaps pertinent, to inquire at this juncture of the proceedings in the new action whether the cause of action is the same or not as was set forth in the complaint in the first action as that question can properly arise only under a plea of the Statute of Limitations, should that be set up later on, in an answer to the complaint. An examination of the complaint in the first action, and of the decisions above referred to, in the action tried thereunder, is proper, however, and may be illuminating on the present question as to whether causes of action are now improperly united.

As has already been stated, the present complaint contains substantially all of the material allegations of the first complaint, and some additional ones, enlarging somewhat upon the charge that the moneys sought to be recovered were the subject of larcenies, embezzlements and conversions by Carver of funds belonging to clients of plaintiffs' firm of attorneys, and upon conversion by defendants of the trust fund held by said plaintiffs for their clients, and the receipt thereof by defendants with knowledge, or under circumstances charging them with knowledge, of their source. These allegations of larceny and embezzlement were likewise contained, in substance, in the first complaint. While the question of the improper joinder of causes of action does not appear to have been raised on the complaint in the original action, and that complaint itself may have been subject to this criticism, the fact that it was not raised, and that the complaint was

accepted by the parties and by the courts, as stating a cause of action, is not to be disregarded nor ignored in determining whether the present complaint, essentially similar as it is to the first complaint, is vulnerable to this objection.

The line of demarcation between strictly material and essential allegations of the cause of action and those of an explanatory, subsidiary and frequently unnecessary character is often vague and not easily located, and this is also true of the further question, often presented under such a pleading, as to whether the additional facts therein stated constitute a separate and separable cause of action or are to be regarded as mere surplusage or extraneous matter. The modern tendency toward a liberal rather than a narrow or technical construction of pleadings is, likewise, not to be disregarded, and leads rather to an interpretation sustaining the validity of a complaint which sets up matters with, perhaps, unnecessary detail and fullness, but which essentially grow out of a primary transaction.

The present action, as was the prior one, may fairly be regarded as brought to recover money damages based on fraudulent representations made by defendants to plaintiffs, as well as fraudulent concealments on the part of the defendants, and the larceny and embezzlement of trust funds by Carver, and their subsequent receipt and conversion by the defendants with knowledge, or under circumstances charging them with knowledge, of their origin, may fairly be treated as incidents of and steps in the entire transaction or, at least, as not constituting or being intended to set forth a separate, distinct or separable cause or causes of action. This construction is, also, in the interest of the prompt determination of this action upon the merits, and of substantial justice, and, therefore, in the absence of a clearly presented case of misjoinder of improper and irreconcilable causes of action, commends itself to favorable consideration and adoption by the courts.

It has been observed, as a general proposition, that in actions of fraud each case must or is likely to depend upon its own circumstances. While this principle relates to the merits of such a controversy, it is, by analogy, not inapplicable to pleadings in such cases, and may properly be applied to

the complaint now before us, which may fairly be regarded as stating a single cause of action and, in no event claims arising out of transactions not connected with the same subject of action, or inconsistent with each other.

An interesting question might well be considered in support of the validity of the complaint upon the ground that even if different causes of action are stated in the complaint they all consist of injuries to personal property and, as such, could be joined, if not inconsistent with each other, under subdivision 6 of section 484 of the Code, having in mind that an " injury to property " is defined by subdivision 10 of section 3343 of the Code as " an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract." (*Benedict* v. *Guardian Trust Co.*, 58 App. Div. 302; *Campion Card & Paper Co.* v. *Searing*, 47 Hun, 237.) In the view we take of the essential unity of the cause of action it seems unnecessary to consider this further proposition.

The order appealed from should, therefore, be affirmed, with costs to plaintiffs, with leave to the defendants to answer within twenty days on payment of costs.

Order unanimously affirmed, with costs, with leave to defendants to answer within twenty days on payment of such costs. KILEY, J., not sitting.