[No. 17508.  Department Two.  January 25, 1923.]

# J. R. NEVERS, *Respondent*, v. W. H. COCHRANE *et al.*, *Appellants.*[1]

JUDGMENT (114)—MORTGAGES (159)—VACATION—FRAUD — FORE-
CLOSURE—PARTIES PLAINTIFF—ASSIGNEES.  It is not a fraud, enti-
tling defendants to a vacation of the judgment, for an assignee of a
mortgage to foreclose without disclosing the fact of ownership by
the assignor, under Rem. Comp. Stat., § 191, providing that such an
assignee may commence an action in his own name, notwithstanding
the interest of the assignor, subject to defenses against the assignor;
although it is claimed that the defendants were thereby deprived
of their defenses against the true owner of the mortgage.

Appeal from an order of the superior court for Pend
Oreille county, Carey, J., entered April 8, 1922, upon
sustaining a demurrer to the petition, denying the va-
cation of a judgment for fraud.  Affirmed.

*Chas. A. Gram* and *Neil C. Bardsley,* for appellants.

*Tustin & Chandler,* for respondent.

MAIN, C. J.—The plaintiff, as indorsee of certain
notes and the assignee of two mortgages by which they
were secured, brought an action to foreclose the mort-
gages.  The cause was tried and a judgment of fore-
closure entered on September 22, 1921.  The defend-
ants, W. H. Cochrane and wife and W. F. Cochrane
and wife, thereafter and on or about November 25,
1921, filed a petition in the cause asking that the judg-
ment be vacated, claiming that there was fraud on
the part of the successful party which inhered in the
judgment.  To this petition a demurrer was inter-
posed and sustained, and an order entered dismissing
the same, from which the petitioners appeal.

[1]Reported in 212 Pac. 251.

The attempted charge of fraud is contained in paragraph 5 of the petition and is as follows:

"That the said J. R. Nevers willfully practiced fraud and deceit upon the trial court at the trial and in obtaining said judgment, in that said J. R. Nevers did not own said notes and mortgage at the trial or at any subsequent time; that said notes and mortgage at that time and at the time of the trial were owned by one A. O. Onserud, and said action was instituted in the name of J. R. Nevers for the purpose of concealing from your petitioners and from the trial judge the name of the real party in interest, all of which was in the possession of said J. R. Nevers and unknown to your petitioners; that said concealment was for the purpose of preventing your petitioners from setting out any defenses which they may have had and did have at the time against the real party in interest A. O. Onserud, and prevented them from successfully maintaining and charging usury as pleaded in their defense in said action."

It is there claimed that there was fraud in the obtaining of the judgment because the action was not brought in the name of the owner of the notes and mortgages, and that thereby the defendants were prevented from interposing certain defenses in the action which they would have had a right to as against the real owner had the action been brought in his name.

The question is whether the allegations of this paragraph of the petition constitute fraud. Rem. Comp. Stat., § 179, provides that:

"Every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law."

Section 191 provides that:

"Any assignee or assignees of any judgment bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing,

signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain an action or actions in his or her name, against the obligor or obligors, debtor or debtors, therein named, notwithstanding the assignor may have an interest in the thing assigned: *Provided,* That any debtor may plead in defense a counterclaim or an offset, if held by him against the original owner, against the debt assigned, save that no counterclaim or offset shall be pleaded against negotiable paper assigned before due, and where the holder thereof has purchased the same in good faith and for value, and is the owner of all interest therein."

Section 179 requires that every action shall be prosecuted in the name of the real party in interest, except as is otherwise provided by law. Section 191 provides that the assignee may bring the action, by virtue of the assignment, in his own name, notwithstanding the assignor may have an interest in the thing assigned. In the present case the plaintiff, as assignee, had a right to maintain the action to foreclose the mortgages, even though the assignor retained an interest therein. The law provides a method by which the petitioners could have ascertained before the trial whether the plaintiff was the actual owner of the notes and mortgages, and under § 191 they could have plead against the plaintiff the same defenses as though the action had been brought in the name of the owner of the mortgages. The plaintiff was not required to disclose the fact, if it be a fact, that he was not the owner of the mortgages, but that they were the property of another. There is nothing in the petition which would justify a holding that there had been any fraud in the obtaining of the judgment. In fact, the action appears to have been brought in the ordinary way when prosecuted by the assignee. In *Yamamoto v. Puget Sound Lum. Co.,* 84 Wash. 411, 146 Pac. 861, speaking upon

the question of the right of an assignee to maintain an action, it was said:

"As to the objection of a want of consideration for the assignments, there was no need of any express consideration. The assignments being in writing, the assignee became vested with the legal title to the claims assigned, and could maintain an action thereon in his own name, notwithstanding each assignor may have retained an interest in his particular claim."

The judgment dismissing the petition will be affirmed.

PARKER, FULLERTON, TOLMAN, and BRIDGES, JJ., concur.