[No. 20906.   Department Two.   March 22, 1928.]

Alfred O. Onserud *et al., Respondents,* v. Mabel
Cochrane, *Appellant.*[1]

[1] Mortgages (161)—Wife as Necessary Defendant. In mortgage
foreclosure proceedings, the failure to serve process upon the
wife is immaterial, where the evidence shows that the com-
munity never owned the property, but that it was either acquired
by her husband as a gift from his parents, or in the character
of a trustee in an attempt by the parents to prevent its sale
under execution.

Appeal from a judgment of the superior court for
Pend Oreille county, Leavy, J., entered April 26, 1927,
upon findings in favor of plaintiffs, in an action to
quiet title, tried to the court. Affirmed.

*Edward M. Connelly,* for appellant.
*Tustin & Chandler,* for respondents.

Askren, J.—Plaintiffs brought this action to quiet
title to certain real estate in Pend Oreille county.

The facts are as follows: Some time prior to June
24, 1919, one W. H. Cochrane became the owner of the
property in question. On June 24, 1919, W. H.
Cochrane and his wife executed a mortgage thereon in
the sum of $21,000. Foreclosure proceedings, based on
default of the terms of the mortgage, were begun in
February, 1921. The defendants named in these pro-
ceedings were W. H. Cochrane, and Cora B. Cochrane,
the mortgagors, and their son and his wife, W. F.
Cochrane and Mabel Cochrane. The latter two were
named as defendants because a deed had issued from
W. H. Cochrane and Cora B. Cochrane to W. F.
Cochrane in November, 1920, some three months prior
to the foreclosure. In the meantime, one Filer, as

[1]Reported in 265 Pac. 180.

trustee, had obtained a judgment against W. H. Cochrane in the sum of $12,500, and execution had issued thereon prior to the foreclosure. Before sale under execution on the judgment in favor of Filer, W. F. Cochrane filed an affidavit claiming ownership in the land by reason of having originally purchased it and allowing title to be taken in the father's name.

The decree of foreclosure was had in September, 1921, sale made in October, 1921, to J. R. Nevers, trustee for the plaintiffs here, and confirmed in April, 1922. Appeal to this court resulted in affirming the judgment in the foreclosure proceeding, and Nevers then conveyed title to the present plaintiffs. *Nevers v. Cochrane,* 123 Wash. 313, 212 Pac. 251. In July, 1923, Mabel Cochrane filed a motion to set aside the foreclosure decree upon the ground that she had not been served with summons and complaint. A demurrer was sustained to the motion, and upon appeal was affirmed. *Nevers v. Cochrane,* 131 Wash. 225, 229 Pac. 738. This action was then instituted to remove the cloud upon the title created by the claims of the defendant Mabel Cochrane who, in the interim, had been divorced. The court held, at the close of the evidence, that the plaintiffs were entitled to a decree quieting title, and the defendant entered her appeal.

[1] Appellant's main reliance in this court is based upon the fact that she was never served with summons and complaint in the foreclosure action, and that, under our decisions, the decree was void for failure to make her, as a member of the community, a party and serve her. While the record shows that she was not served, it does establish that an attorney entered an appearance upon her behalf, as well as her husband, and contested the action. However, we need not base any of respondents' rights upon this appearance. Appellant must first show that the community owned this prop-

erty before a failure to serve her in foreclosure becomes material. The record establishes conclusively that the community of W. F. Cochrane and Mabel Cochrane never owned this property, and that W. F. Cochrane, by the deed from his father and mother, became either a trustee for them in an attempt to prevent the property from being sold under execution on the Filer judgment, or acquired the property by gift.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.