[No. 25600. Department Two. September 20, 1935.]

WASHINGTON STATE BAR ASSOCIATION, *Appellant,* v. MERCHANTS RATING AND ADJUSTING COMPANY, *Respondent.*[1]

[1]Reported in 49 P. (2d) 26.

612

*Ewing D. Colvin, Robert R. Pence, J. E. Burkey, Claude J. Henderson, Cecil C. Hallin, Lee C. Delle, Alfred J. Schweppe,* and *L. L. Thompson,* for appellant.

*Chas. W. Gillespie* and *W. W. Clarke,* for respondent.

MITCHELL, J.—This is an appeal from a judgment dismissing an action instituted by the Washington State Bar Association against the Merchants' Rating and Adjusting Company, a corporation, after a demurrer to the complaint was sustained; the plaintiff electing to stand on the complaint.

The action was instituted in January of this year for the purpose of obtaining an injunction against the respondent corporation from engaging in the practice of law in this state.

The complaint is lengthy. The substance of it, as condensed in appellant's brief, is about as follows: Respondent is a Washington corporation and, as such, though a legal entity, cannot be admitted to practice law; that it has for years engaged, and still does, by methods of concealment and subterfuge, engage in the practice of law by certain alleged means and practices, "in part as follows:"

By solicitation, advertising and other means, it obtains, for collection, accounts and choses in action of various kinds for various corporations, copartnerships and individuals, and conducts a general collection business; that such claims are assigned to respondent for the sole purpose of collection and without consideration, except the promise of the assignee to collect them, with the privilege and express purpose of permitting respondent to bring suits on such accounts in the courts of this state, including the justice of the peace courts; that the assignments are made for the sole purpose of collection, upon the rates and terms for which respond-

ent makes collections for its customers; that assignments are kept in large numbers in printed or other written form, so as to enable respondent, as the ostensible owner of the claims, to prosecute suits in its own name;

That respondent maintains, as a part of its organization, a legal department, wherein it employs a duly admitted and practicing lawyer to bring suits on such accounts in the name of the respondent; that such lawyer is employed solely by the respondent and not by the assignors of the claims; that he receives compensation for his services at a fixed and stated salary, payable periodically, without regard to the specific amount of services he may render; and that such lawyer is a stockholder in respondent corporation;

That, upon taking assignments of claims, it is understood that respondent shall retain as compensation fifty per cent of all collections, whether with or without suit; that the assignors are not consulted as to when or under what circumstances suits shall be brought; that the assignors do not reimburse respondent for costs and expenses, save and except upon success in making collections; and that sums collected are applied, first, to reimburse respondent for expenses, and the balance, after taking out respondent's one-half, is paid to the assignor; that, in addition to one-half of the amount collected, the respondent retains all attorney's fees allowed by court in the suits.

On information and belief, it is alleged to be a fact that respondent has heretofore facilitated, and intends in the future to facilitate, its business by taking from its assignors powers of attorney, and endeavors to collect accounts by threatening debtors with actions in court when it has no authority to thus invoke the power of the courts of this state to assist in making such collections;

That respondent advances all necessary fees and costs, with the intention it shall not be reimbursed therefor, unless the litigation is successful to the extent of such advancements; that it has thus done business for a long period of time in Spokane county, as is disclosed by the records of the superior and justice courts in that county, and is now engaged in waging such suits, contrary to the laws of the state; and that the practice of the respondent, as alleged in the complaint, tends to bring the courts of this state, and the Washington State Bar Association and its members, into disrepute and discredit before the public, all to the irreparable damage and injury of the members of the state bar association.

 The suit is against a corporation—an artificial person—and whatever, if anything, might be said about the practices charged against it from the viewpoint of ethics and good morals, if there was no statute law upon the subject, is unimportant, because the case is controlled by statute.

Rem. Rev. Stat., § 191 [P. C. § 8272], says:

"Any assignee or assignees of any judgment, bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain an action or actions in his or her name, against the obligor or obligors, debtor or debtors, named in such judgment, bond, specialty, book account, or other chose in action, notwithstanding the assignor may have an interest in the thing assigned: . . ."

Connected with the subject matter and pertinent here is Rem. Rev. Stat., § 5847-4 [P. C. § 3442-14], (enacted in 1929), as follows:

"Bond required. No person, firm, association or corporation shall conduct a collection agency, collection bureau or collection office in this state, or engage in

this state in the business of collecting or receiving payment for others of any account, bill or other indebtedness, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill or other indebtedness, unless, at the time of conducting such collection agency, collection bureau, collection office or collection business, or of doing such advertising or soliciting, such person, partnership, association or corporation, or the person, partnership, association or corporation for whom he or it may be acting as agent, shall have on file a good and sufficient bond as hereinafter specified.''

That is, upon complying with the condition imposed, a person, firm, association or copartnership may conduct a collection agency, bureau or office in this state, receive payment for others of any account, engage in the business of soliciting the right to collect any account, or advertise for, or solicit in print, the right to collect, etc., for another. This section of the statute is comprehensive and fully embraces and permits most, if not all, the activities alleged against the respondent.

■ Section 191 is not only plain, but time and again it has been accepted as it appears upon its face. In *Olsen v. Hagan,* 102 Wash. 321, 172 Pac. 1173, discussing the scope of this statute, the holding in an earlier case was quoted with approval, as follows:

'' 'This court has uniformly held that an assignee of an account or chose in action could maintain a suit in his own name, although such an assignment is made for the purpose of collection only, and the assignee had no other interest in the thing assigned'. ''

See, also, *Bell v. Jovita Heights Co.,* 71 Wash. 7, 127 Pac. 289, and cases therein cited.

This statute and Rem. Rev. Stat., § 179 [P. C. § 8255], requiring actions to be prosecuted in the name of the real party in interest, are in accord. *National*

*Ass'n of Creditors v. Grassley,* 159 Wash. 185, 292 Pac. 416.

Nor is there any need for a specified consideration for the assignments. "An assignment for the purpose of collection is an assignment for a valuable consideration." *McDaniel v. Pressler,* 3 Wash. 636, 29 Pac. 209. There was no need of any express consideration.

"The assignments being in writing, the assignee became vested with the legal title to the claims assigned, and could maintain an action thereon in his own name, notwithstanding each assignor may have retained an interest in his particular claim." *Yamamoto v. Puget Sound Lumber Co.,* 84 Wash. 411, 146 Pac. 861; *Nevers v. Cochrane,* 123 Wash. 313, 212 Pac. 251.

Thus, under the statute, it is lawful for a creditor to assign an account for collection and for the assignee to sue in his own name. Where the assignee is a corporation, it is compelled to have some natural person to act for it in making the collection and in bringing and maintaining suits, where necessary. A corporation can act only through its officers or agents, and this corporation acts, it seems, through its compensated attorney. A corporation, being the legal owner of the claim, to be collected by suit or otherwise, has the right to select its lawyer and, by agreement, fix his compensation. The fees called attorney's fees, allowed by court in successful suits, go to the litigant as partial reimbursement for his expenses, and neither those amounts nor the compensation the assignee may pay its attorney for legal services can affect the propriety or legality of an assignee suing in his own name, as the statute plainly provides.

In substance, the things with which respondent is charged might well be done by the original owner of the claim had no assignment been made, and, under the statute, the assignee, becoming the legal owner of

the claim, with the right to sue in his own name, has equal rights.

Counsel on both sides have cited a great many cases from a number of states in maintaining their positions here. Those cited on behalf of the appellant, upon examination, are found to be not helpful here, because they arose under statutes essentially different from ours or in jurisdictions where there was no statute at all upon the subject.

Judgment affirmed.

MILLARD, C. J., HOLCOMB, BLAKE, and STEINERT, JJ., concur.