The Marquette, Houghton & Ontonagon Railroad Company v. Frank B. Spear et al.

*Contributory negligence — Sparks from locomotive.*

One who invites another to bring upon his premises for use a dangerous implement, knowing it to be such, will take upon himself the consequences which naturally follow.

The owners of a warehouse owned a railroad track running on their own premises near it, and employed a railroad company to send an engine to draw cars over it for their accommodation. The engine threw off sparks badly, and this they observed and complained of, but nevertheless continued to make use of it for a long time. At last the warehouse was set on fire and burned by sparks emitted by it. *Held*, that the owner had no redress against the railroad company for the burning.

It is immaterial that the railroad company, on repeated applications made that it should repair the engine, had promised to do so "sometime," the use continuing thereafter with the knowledge of the plaintiffs, and on their own application.

Error to Marquette. Submitted June 16. Decided June 23.

TRESPASS ON THE CASE. Defendant brings error. Reversed.

*W. P. Healy* for plaintiff in error.

*M. H. Maynard* and *Dan H. Ball* for defendants in error. The burning of property by sparks from a locomotive is *prima facie* evidence of negligence on the part of the company: *Aldridge v. Great Western* 3 Man. & Gr. 515; *Piggot v. Eastern Counties* 3 M. G. & S. 230; *Smith v. Lond. & S. W. Ry. Co.* L. R. 6 C. P. 14; *Bass v. C. B. Q. R. R.* 28 Ill. 9; *Ill. C. R. R. v. Mills* 42 Ill. 407; *Toledo, Wabash & Western R. R. v. Larmon* 67 Ill. 68; *Burke v. L. & N. R. R.* 7 Heisk. 451; *Spaulding v. Chic. & N. W. R.* 30 Wis. 110; *Burlington & Missouri R. R. v. Westover* 4 Neb. 268; *Fitch v. Pacific R. R.* 45 Mo. 322; *Bedford v. Hannibal & St. Joseph R. R.* 46 Mo. 456; *Clemens v. H. & St. J. R. R.* 53 Mo. 366; *Coale v. H. & St. J. R. R.* 60 Mo. 227; *Coates v. M. K. & T. Ry* 61 Mo. 38.

COOLEY, J. Defendants in error sued the railroad company in case for negligently setting fire to a quantity of hay and a warehouse, whereby they were destroyed. The facts as they were developed on the trial were that plaintiffs owned

the warehouse and a quantity of hay stored near it on premises of their own, and that upon these premises they had caused to be laid a track upon which railroad engines and cars might be and had been running for their accommodation for a long time before the fire. When plaintiffs had occasion for cars, they had an arrangement with the railroad company to draw them in and take them out. A particular engine belonging to the railroad company, named Birchrod, was made use of for this purpose, and about the time of the fire it was going in and out several times a day. One of the plaintiffs testified that on the occasion of the fire she went in and out throwing sparks. " The engine went out with one train of cars throwing sparks, as she was accustomed to do all the time." He was sitting in the office watching her, and saw as she passed that a spark had communicated fire to the hay. There was quite a brisk breeze blowing at the time. The engine " was noted for throwing sparks, and had two or three times before set loose hay on fire on the dock. She had set fire, thrown fire around on the dock, and set loose hay on fire before on the dock that season—that spring. She was in the habit of throwing sparks in going up the hill when she puffed hard, and had a load behind her. She threw live cinders I suppose a quarter or a half an inch in diameter." This witness had called the attention of the train dispatcher of the railroad company to the dangerous condition of the engine that season and the season before, and he said he would see it fixed. Plaintiffs had always had trouble with it, and were afraid of it, because of its throwing sparks. The train dispatcher kept putting off the fixing; said " it would be fixed some time." Nevertheless plaintiffs continued to employ from day to day this dangerous implement, until such a calamity as they had feared actually occurred.

It seems almost unnecessary to do more than to recite this evidence in order to dispose of the case. Instead of showing a cause of action, it effectually disproves the existence of one. This was not the case of a defective locomotive moving through the country and scattering desolation among those to whom its proprietors owed the duty of a care correspond-

ing to its dangerous nature; but it was a case of private employment, whereby the proprietors of the engine were solicited to send it upon the private business of the employers into a place where the latter well knew, and had for a long time known and understood it was likely to do mischief. If there was negligence on the part of the railroad company, it was to be found in consenting to be thus employed. There is just the same and no more reason for plaintiffs to complain of it that there would have been had they hired the owner of a vicious animal, known by them to be such, to bring him for their purposes upon their premises, and then been injured by him as they should have anticipated they might be. That which one consents to, and invites, he cannot complain of in the law as an injury. *Motz v. Detroit* 18 Mich. 495 ; *Maxwell v. Bridge Company* 41 Mich. 453.

But it is argued that the company promised to repair the engine, and plaintiffs had a right to rely upon this being done. The promise was to repair it " sometime ;" and meantime the instrument was being employed by plaintiffs from day to day with knowledge that the repairs were not made. When there is a promise to repair immediately, or within a fixed time, and a party relies upon its having been done, and is injured because of such reliance, he has a right to complain ; but this is no such case. The promise was wholly indefinite, and plaintiffs never relied upon it except as a probable future event. They knew the repairs had not been made when they employed the engine on the day of the fire, and they deliberately and most carelessly took the risks of what actually happened.

The judgment must be reversed with costs and the record remanded for a new trial.

The other Justices concurred.