## MAGGIE SIAS v. THE VILLAGE OF REED CITY.

*Municipal corporations—Defective sidewalk—Contributory negligence—Damages—Evidence.*

1. The plaintiff in a personal injury case, who at the time of the accident had been engaged for about six months in cooking for a lunch counter at $4 per week, was permitted to testify that, for five or six years previous to the injury (which was received early in the month of April), her business had been that of a pastry cook, and that her wages had been $1 per day, except in the winter time, when she received $5 per week. And it is held that, as the testimony covered the time up to within a very few months of the accident, it was not too remote.

2. Plaintiff, on a dark and stormy night in April, was injured by stepping into a hole in a defective sidewalk. She testified that she knew of the bad place in the walk; that, on passing over it earlier in the evening, she spoke of it to two girls who were with her; that on her return she said to the girls, "We will have to look out for that bad place in the walk;" that she was walking on the outside of the walk, and her companions

on the inside; that they all walked somewhat rapidly in that way until she stepped into the hole; that she was paying attention to the defect in the walk, watching for it, but reached it sooner than she expected. And it is held that the case is ruled by *Lowell v. Township of Watertown*, 58 Mich. 568, where it was held that "a person is not necessarily precluded from recovering for an injury caused by a defect in a highway simply for the reason that he was aware of such defect, but this fact, with all others, is proper to be taken into consideration by the jury in determining whether, under all of the facts and circumstances, he was guilty of such carelessness or negligence without which he would not have been injured."

Error to Osceola. (McMahon, J.) Submitted on briefs October 31, 1894. Decided December 22, 1894.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. A. Withey,* for appellant.

*C. H. Rose,* for plaintiff.

MONTGOMERY, J. The plaintiff recovered a verdict of $400 for injuries received by stepping into a hole in a defective sidewalk. No question is raised but that the proof showed that the sidewalk was defective, and the appellant raises but two questions. It is claimed, *first,* that there was error in the admission of testimony bearing upon the question of damages, and, *second,* that error was committed in refusing to instruct the jury as matter of law that the plaintiff was guilty of contributory negligence.

1. At the time of the injury the plaintiff was engaged in cooking for a lunch counter at Reed City, at the price of $4 per week. She testified that, for five or six years previous to the injury, her business had been that of a pastry cook, and was asked what wages she had received during that time. This was objected to as too remote. Her answer was that she had received a good share of the time $1 per day, except during the winter, when she re-

ceived $5 per week. We think this testimony was admissible. Her testimony tended to show that she had been accustomed to receive less wages during the winter time, and it would be manifestly unjust to exclude testimony as to the wages which she had received during other seasons of the year, and, as the testimony brought it down to within a few months of the time of the injury, we think it was not too remote.

2. The plaintiff testified, in substance, that the injury occurred about 9 o'clock in the evening of the 9th of April, 1893. The night was dark and stormy. Plaintiff, with two other ladies, had been to make a call, and she received the injury on the return trip. She knew of the fact that there was a bad place in the walk, and had spoken about it to the young ladies with her on the way over. On their way back it was snowing somewhat, striking them in their faces. The plaintiff again called the attention of the ladies with her to the defective place in the walk, saying: "We will have to look out for that bad place in the walk." It snowed a little harder coming back than on the way over. The plaintiff was walking on the outside of the walk, and the other two girls on the inner side. They walked somewhat rapidly in that way, without changing positions, until the plaintiff stepped into the defective place and received the injury. The plaintiff testified:

"It was not so dark but what one could see the Gabel house if he was looking for it. I was paying attention to the defect in the sidewalk as I came back, watching for it; but I got to it sooner than I expected."

Defendant's counsel strenuously insists that this evidence conclusively showed contributory negligence. But we think the case is ruled by the previous decisions of this Court. *Lowell v. Township of Watertown*, 58 Mich. 568; *Dundas v. City of Lansing*, 75 Id. 499; *Brezee v. Powers*, 80 Id.

172; *Graves v. City of Battle Creek,* 95 Id. 266. See, also, *McKeigue v. City of Janesville,* 68 Wis. 50; *Kendall v. City of Albia,* 73 Iowa, 241; *Kelley v. Town of Fond du Lac,* 31 Wis. 179. The case of *Lowell v: Township of Watertown* is directly in point. Mr. Justice CHAMPLIN, speaking for the Court, said:

" The defendant's counsel claim that his [plaintiff's] knowledge of the defect, and his having it in his mind at the time, was conclusive evidence of his want of ordinary care in stepping into the very hole he had it in mind to avoid, and that for this reason the case should have been taken from the jury. We cannot accede to this view. A person is not necessarily precluded from recovering for an injury caused by a defect in a highway simply for the reason that he was aware of such defect; but this fact, with all others, is proper to be taken into consideration by the jury in determining whether, under all of the facts and circumstances, he was guilty of such carelessness or negligence without which he would not have been injured."

The judgment will be affirmed, with costs.

The other Justices concurred.