[No. 3901.  Decided September 5, 1901.]

MARGARET JORDAN, *Appellant,* v. CITY OF SEATTLE, *Respondent.*

DEFECTIVE SIDEWALKS—INJURY TO PASSENGERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

The question of whether a woman was guilty of contributory negligence was one for the jury, where the evidence showed that she had knowledge of a hole in a sidewalk, occasioned by a broken plank, into which she fell and injured herself, that the night was so dark the hole could not be seen and she was using precautions to avoid it, that there was a safer way around that she might have taken, but that she and other pedestrians had been in the constant habit of using this sidewalk, and, though defective, it could be traveled in safety.

Appeal from Superior Court, King County.—Hon W. R. BELL, Judge.  Reversed.

*J. P. Ball* and *I. D. McCutcheon,* for appellant.

*W. E. Humphrey* and *Edward Von Tobel,* for respondent.

The opinion of the court was delivered by

WHITE, J.—The plaintiff in this action seeks to recover from the defendant for injuries which she alleges she sustained by reason of falling into a hole in the side-

walk in the city of Seattle. The material allegations of
the complaint were denied, and the defendant pleaded
that, if the plaintiff sustained any injuries in the prem-
ises, it was not due to any fault or negligence on the
part of the defendant, but was occasioned by the heed-
lessness, carelessness, and negligence and fault of plain-
tiff. On the night of October 12, 1899, between eight
and nine o'clock, the plaintiff and two of her children
started to go to the grocery where she traded, at the cor-
ner of Main street and Tenth avenue, to provide for
their breakfast on the next morning. The plaintiff at
the time resided on the east side of Seventh avenue South,
near the center of the block. She moved into the house
where she was living on August 7, 1899, at which
time the sidewalk on Seventh avenue South, near
its intersection with Main street, a short distance south
of plaintiff's home, was in a bad and broken condition,
and continued to grow worse until the day of the injury
and long afterwards. When she and her children left
their home on the night of October 12th, they proceeded
along the east side of Seventh avenue South toward Main
street, which was the direct route to their destination,
and the way they had been in the habit of going. A few
days before one of the boards in the walk had been
so broken as to leave a hole in the walk at said place.
As plaintiff approached this broken place, she cautioned
her children to look out, and not fall into the hole, and
at the same time she went ahead of them about ten feet
to guide them. As she did so she stepped into the hole,
and was thrown violently forward on her hands, and sus-
tained the injuries complained of. The night was dark
and there was no light or other warning of the danger
present, and she could not distinguish the hole from the

mud. She was about forty-one years of age. She knew from the time she first moved into the neighborhood that the sidewalk where she was injured, up to the time of said injury, was torn up, and in a dangerous condition. During this time she was well acquainted with the walk, passed over it frequently, almost daily. She knew the location of the defective place in the walk where she was injured, and on the night of the accident she stopped and cautioned her children about the condition of the walk, and told them it was a dangerous place, walked forward and fell and received the injury complained of. She fell at the place which she warned the children was a dangerous place, and on account of the darkness was unable to see the exact location of the hole into which she fell. Other witnesses testified that they passed over the walk where the plaintiff was injured almost daily from July 17, 1899, until long after October 12, 1899, during all of which time the walk at the point where the plaintiff was injured was in a bad condition constantly, and grew worse; that a wood yard was kept in that part of the block at the corner of Seventh and Main street, and that the wood was drawn from the yard to the street out across the sidewalk where the plaintiff fell. One of the plaintiff's children testified that she was with her mother at the time of the injury complained of, and that approaching the bad place in the walk her mother cautioned herself and her sister, who was along, to be careful, and not fall into the hole, and that then her mother stepped carefully forward about ten feet ahead of herself and her sister, and fell into the hole in the walk; that her mother told her when they stopped that it was a dangerous place, and that there was a hole in the walk, and that she fell into the very hole that she

had warned them to watch out for; that the night was
so dark that the hole could not be seen; that her mother
was familiar with the condition of the walk where she
was injured, and had been since the 7th day of August,
1899; that her mother had passed over it frequently;
that there was a good sidewalk on the opposite side of
the street, in good repair, running parallel to the one on
which her mother was injured, and that it was only about
a half block from where her mother came upon the side-
walk in coming out of the house in which she lived to
a crossing which was in good repair that led across to
the opposite side of the street to the sidewalk mentioned
as running parallel to the one upon which her mother
was injured.    It was shown that occasionally the men
in the woodyard would throw some boards over the
broken place, but in driving over it they came off, and
did not remain in place.    At the close of the plaintiff's
testimony the defendant moved the court for judgment
of non-suit against the plaintiff and in favor of the de-
fendant on the ground that the plaintiff had proven that
she was guilty of contributory negligence in going or
attempting to go over the walk where she did with knowl-
edge of its condition, when another route was open to
her.    The court granted this motion, to which exceptions
were taken.

This court has said:

"Generally the question of contributory negligence is
for the jury to determine from all the facts and circum-
stances of the particular case, and it is only in rare cases
that the court is justified in withdrawing it from the
jury." McQuillan v. Seattle, 10 Wash. 464 (38 Pac.
1119, 45 Am. St. Rep. 799.)

Does the case now under consideration fall within the
rare exceptions? The respondent claims that it does,

because the plaintiff, with full knowledge of the dangerous condition of the sidewalk, and thinking of that condition and having it well in mind, voluntarily attempted to pass over the dangerous place, and under such circumstances assumed the risk, and the court below, as a matter of law, was right in so holding.

The law is well settled, that knowledge of a defect in the sidewalk, by the person injured, before he goes upon the same, or before the injury, does not *per se* establish negligence upon his part. *Village of Clayton v. Brooks,* 150 Ill. 105 (37 N. E. 574); *Samples v. Atlanta,* 95 Ga. 110 (22 S. E. 135); *Sias v. Village of Reed City,* 103 Mich. 312 (61 N. W. 502); *Lowell v. Township of Watertown,* 58 Mich., 568 (25 N. W. 517); *McKeigue v. Janesville,* 68 Wis. 50 (31 N. W. 298); *Kelly v. Town of Fond du Lac,* 31 Wis. 179; *Nichols v. Town of Laurens,* 96 Iowa, 388 (65 N. W. 335); *Mayor, etc., of Baltimore v. Holmes,* 39 Md. 243; *Evans v. Utica,* 69 N. Y. 166 (25 Am. Rep. 165); *Millcreek Township v. Perry,* (Pa.) 12 Atl. 149.    Exposing one's self to possible injury with knowledge of the danger *is evidence* of negligence as a matter of fact.

"Therefore," says the supreme court of Illinois, "if a person attempts to pass over a sidewalk, bridge or other structure, knowing the same to be in a dangerous condition, and in such attempt receives injury, his knowledge of the danger will presumptively establish contributory negligence.    But such presumption is not conclusive.    It is disputable and may be rebutted by evidence of the exercise of ordinary care under the circumstances of the particular case."    *Village of Clayton v. Brooks, supra.*

If the danger arising from the known defect is obviously of such character that no person, in the exercise of ordinary prudence, would attempt to pass over

the sidewalk at that point, or over a particular part thereof, or in other words, if such attempt would, of itself, plainly and unequivocally amount to a want of ordinary care and prudence, it may be so decided as a matter of law. *Samples v. Atlanta, supra.* Between extremes there is every conceivable kind of danger. Says the supreme court of Georgia:

"Where the danger is exceedingly small and trivial it may not be at all negligent to disregard it; where it is exceedingly great and obvious, it would be negligence *per se* to incur the hazard of being injured by it. In other cases, it would be open to question whether incurring such possible or probable hazard would be consistent with ordinary care; and in cases of this kind the question of contributory negligence is one for determination by the jury." *Samples v. Atlanta, supra.*

The case at bar is not a case where the danger is shown to be of such a character that no person in the exercise of ordinary prudence would incur the risk of injury. The evidence shows that the plaintiff had been in the habit of going over the walk daily, and was familiar with it from August 7th until the time of the injury. It appears that there was a hole broken in the walk a few days before the accident, of which she had knowledge. It appears the walk was used daily by others, up to, before, and after the accident. The caution of the plaintiff to the children was to look out for this particular hole. The evidence further shows that the plaintiff was stepping carefully forward when she fell. The evidence fails to disclose the size and nature of the hole further than that it was a broken plank. There is no evidence as to the width of the sidewalk, or as to whether the plaintiff could with safety pass to the right or left of the hole or step over it. The fact that the walk was in daily use, and

others passed over it without injury, and that it was left open to the public by the city, tends to show that the hole in the walk and the walk at that place could, with ordinary care, be passed over in safety; that the danger was slight. This, we think, in connection with the evidence that the plaintiff was stepping carefully, made out a *prima facie* case overcoming the presumption arising from the knowledge of the danger. It then became the duty of the jury to pass upon the question of contributory negligence as a question of fact. We do not think the plaintiff assumed the risk, and consented to the injury which followed, for she took precaution, and attempted to avoid or defeat the peril. We cannot say from the facts in this case as disclosed by the record that the plaintiff was reckless, or disregarded the dictates of ordinary prudence and discretion. Unless a court can so determine without doubt or hesitation, it is its duty to leave such questions for the jury. If the sidewalk on the side of the street where the injury occurred could be used with ordinary care, the plaintiff was not under obligation to seek a better walk. *Nichols v. Town of Laurens,* 96 Iowa, 388 (65 N. W. 335); *Lyons v. Red Wing,* 76 Minn. 20 (78 N. W. 868.).

It is only in cases where the danger in the walk is obvious and of such a character that a prudent person would not use it, that another route, if convenient, must be sought for. In such cases evidence of another safe, convenient, and accessible route is admissible for the purpose of showing that there was no necessity to make the attempt to pass over the manifestly hazardous way. One travelling by night has the same right as one travelling by day, but greater vigilance must be exercised, and the question whether such vigilance was exercised is ordinarily for the jury. It is true that the testimony dis-

closes the fact that "the night was so dark that the hole could not be seen," but it also appears that the plaintiff was reasonably familiar with the location of the hole, and from that knowledge might be supposed to be able to avoid it. From common experience we know that one walking on a familiar street can, in the dark, avoid a known defect. Whether it was prudent for the plaintiff to attempt to do it in the case under consideration was, therefore, for the jury.

The judgment of the court below granting a non-suit and dismissing the action is reversed, and this cause is remanded for further proceedings; appellant to recover costs of this appeal.

REAVIS, C. J., and FULLERTON, ANDERS, DUNBAR, MOUNT and HADLEY, JJ., concur.