[No. 7488. Decided November 23, 1908.]

## LENA MESSIR, *Appellant*, v. JOHN H. McLEAN, *Respondent*.[1]

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY. There is sufficient evidence of negligence on the part of a hotel keeper, in failing to maintain a safe place in which to work, where it appears that the linoleum on the floor of a room was so old and worn full of holes that it was unsafe to walk on, whereby a chambermaid, in the performance of her duties, was tripped and thrown down a step; and the question is for the jury where there was conflicting evidence.

TRIAL—NEW TRIAL—PROVINCE OF COURT AND JURY. If the trial court considers the evidence was insufficient to sustain a verdict for the plaintiff, it may grant a new trial, but it cannot for such reason direct a verdict for the defendant, if the evidence is conflicting.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 20, 1908, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee. Reversed.

*McCafferty & Godfrey*, for appellant.

FULLERTON, J.—The appellant, plaintiff below, brought this action against the respondent to recover for personal injuries received by her while in the respondent's employ, caused, as she alleges, by the respondent's negligence. Issue was taken on the allegations of negligence contained in the complaint, and the defense of contributory negligence interposed, which was denied by a reply. On the issues made, a trial was entered upon before the court and a jury. At the conclusion of the appellant's case, a challenge was interposed to the sufficiency of the evidence, which challenge the trial court overruled. Evidence in support of the respondent's answer, and in rebuttal thereof, was introduced, and the cause submitted to the jury under instructions to which no exceptions

[1] Reported in 98 Pac. 106.

were taken. The jury returned a verdict in favor of the appellant in the sum of $2,000, after which a motion for a new trial and for judgment notwithstanding the verdict was made. The trial judge overruled the motion for a new trial, but granted the motion for judgment notwithstanding the verdict, and entered a judgment to the effect that the appellant take nothing by her action, and that the respondent recover his costs. This appeal was taken from the judgment so entered.

The record does not disclose the reasons which actuated the trial court in granting the motion for judgment notwithstanding the verdict, nor have we been favored with a brief or argument on the part of the respondent. The motion for judgment itself states no specific ground for granting the judgment, but is couched in general language, followed by a recital that it "is based upon the records, files and pleadings herein, and upon the evidence introduced and proceedings pending the trial hereof, and upon all papers, records, and proceedings herein prior to the rendition of such verdict, and the rulings of the court therein and thereon." We have been left therefore, in so far as the respondent's case is concerned, to our own researches.

But we are unable, after a careful examination of the record, to discover any ground upon which the judgment entered can be sustained. The evidence of the appellant was to the effect that she was employed as a chambermaid to care for the guest rooms on the top floor of a hotel conducted by the respondent; that the linoleum covering the floor of a certain room which she was obliged to enter in the performance of her duties had been suffered to become old and worn, and full of holes, rendering it unsafe to walk upon; that she, in performance of her duties, not knowing the condition of the linoleum, walked over it while carrying heavy pitchers of water, caught her foot in one of the holes, and was thrown through a door down a step, which was some ten inches high, to the floor, dislocating and otherwise injuring her shoulder. In her statement as to the manner of her injury and as to

the condition of the linolcum at that time, she was corroborated by other witnesses; one of them testifying that the linoleum had been out of repair and dangerous for several weeks, and had been called to the attention of the housekeeper, whose duty it seems to have been to report defects of this kind to the management so that they might be repaired. This was sufficient to make a case for the jury. The proprietor of a hotel, like any other employer of labor, must furnish his servants a reasonably safe place in which to work, and must keep the place reasonably safe as long as he requires them to work therein. Any failure on his part to perform this duty which results in an injury to a servant renders him liable to respond in damages. In this case the evidence on the part of the appellant tended to show that this duty had not been performed, and that the appellant had received an injury as the result of neglect in that regard. True, the evidence on the part of the respondent tended to show that the place complained of as unsafe was reasonably safe, and that the injury was the result of the appellant's own negligence. But this left a question for the jury, not the judge, to determine, and it was error on the part of the court to grant judgment notwithstanding the verdict. Of course, if the judge was of the opinion that the evidence preponderated in favor of the respondent, it was his province to grant a new trial so that the question of fact might be submitted to another jury, but it was not his province for any such reason to take the question from the jury and determine it as a finality himself.

The judgment appealed from will be reversed, and the cause remanded with instructions to enter a judgment on the verdict for the plaintiff, appellant in this court.

RUDKIN, MOUNT, DUNBAR, and CROW, JJ., concur.