[No. 10777.   Department One.   April 4, 1913.]

ANGELO VILLANI, *Respondent*, v. WASHINGTON BRICK, LIME AND SEWER PIPE COMPANY, *Appellant.*[1]

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLI-GENCE—QUESTION FOR JURY.   The contributory negligence of an employee is for the jury, where there was evidence that an elevator started automatically and was running away, when, in order to save himself, he grasped the wrong cable and his hand was drawn into the drum.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 31, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee injured by an unguarded cable drum.   Affirmed.

*Cannon, Ferris & Swan* and *Walter A. White*, for appellant.

*S. A. Mann* and *Lucius G. Nash*, for respondent.

CHADWICK, J.—The appellant was engaged in the manufacture of brick near Clayton, Washington, and plaintiff with two others was engaged in running a push car from the clay pit to an elevator.   The elevator was set in a frame and operated between three floors or levels.   Plaintiff and those with him were returning with an empty car, and had pushed it partly onto the elevator, when the car stuck.   Plaintiff was ahead and the two others behind the car, and they were pushing and hauling when the elevator started down.   The car tipped off at the second level, and the elevator descended to the bottom and almost immediately started up again.   The car was stopped and started by a cable attached to controllers. This cable was pulled up or down as the operator desired the elevator to move.   Plaintiff took hold of one of the cables carrying the elevator, and his finger was crushed on the drum over which the cable worked.

[1]Reported in 131 Pac. 219.

Plaintiff disclaims any reliance upon the factory act, and the court instructed the jury that he could not recover anything on account of the insufficiency of the elevator and equipment. The jury answered the following special interrogatories:

"Do you find from the testimony that persons using an elevator such as the one in question usually and customarily guarded the drum upon said elevator? Answer: Yes. Did the plaintiff know at all times prior to the accident that this drum was not guarded? Answer: Yes. Did the plaintiff act with reasonable care in taking hold of the cable, which wound around the drum, under the circumstances? Answer: Yes."

There is some testimony tending to show that the cables could have been conveniently guarded. So that the only question left in the case is whether, under the circumstances, plaintiff was negligent in taking hold of the wrong cable.

It is the duty of the master to furnish a reasonably safe place to work, and to guard against such dangers as would be anticipated by a man of ordinary prudence. Upon this theory plaintiff would not have any right of recovery, for he is charged with the assumption of all usual risks. But this rule is not to be applied without its exception, if the testimony warrants it, and that is that the servant is not bound by it in the face of a sudden peril not incident to his employment, where there is no time to deliberate and the impulse of self-preservation can be said to usurp that judgment which a man of ordinary prudence would exercise when confronted with a known danger. His judgment is to be measured by the immediate circumstances. While there is much testimony to show that it was impossible for the elevator to stop and start without the intervention of the plaintiff or his fellow servants, there is still enough to sustain the verdict of the jury that it did start automatically; that it was running away. If plaintiff, in his extremity, took hold of the wrong cable, it is for the jury to say whether he acted as a man of

ordinary prudence would have acted under the same or similar circumstances.

We think the verdict can be sustained by reference to *Smith v. Hewitt-Lea Lumber Co.*, 55 Wash. 357, 104 Pac. 651; *Williams v. Ballard Lumber Co.*, 41 Wash. 338, 83 Pac. 323; *Jordan v. Seattle*, 26 Wash. 61, 66 Pac. 114; and *Cook v. Chehalis River Lum. Co.*, 48 Wash. 619, 94 Pac. 189.

Affirmed.

CROW, C. J., PARKER, MOUNT, and GOSE, JJ., concur.