[No. 10889. Department Two. May 24, 1913.]

STUART POLK, *Respondent*, v. SPOKANE INTERSTATE FAIR, *Appellant*.[1]

FIRES—DESTRUCTION OF PROPERTY—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action for negligently setting fire to stables and destroying plaintiff's horses, it is error to instruct the jury on the subject of plaintiff's contributory negligence in using the stable with knowledge of the danger, that plaintiff only assumed the dangers which were known to him, without reference to dangers of which he should have known by the exercise of reasonable care, and to refuse an instruction that plaintiff could not recover if he was aware of the danger or knew, or should have known of the danger, and left his property exposed thereto.

SAME—LIABILITY FOR NEGLIGENCE—DEFENSES—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DANGER—QUESTION FOR JURY. Knowledge of danger from fire to which one's property is exposed, does not of itself constitute contributory negligence as a matter of law; but it is for the jury to say, as a matter of fact, whether due caution was used commensurate with such knowledge.

ASSIGNMENTS—RIGHTS ASSIGNABLE—ACTION FOR TORT. A right of action for negligently setting fire to and destroying property is assignable.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 29, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Post, Avery & Higgins,* for appellant.

*Belt & Powell,* for respondent.

MORRIS, J.—Respondent and his assignors lost two race horses and other property through a fire which burned the stables in which the horses and other property were kept, and alleging the negligence of appellant as the cause of the fire, brought this action in which judgment was obtained below.

[1]Reported in 132 Pac. 401.

Error is assigned in the giving and refusing to give certain instructions. We have reviewed those which we think call for a reversal of the judgment. So far as necessary to refer to the facts, it appears that appellant has for many years conducted an annual fair at Spokane, at which horse racing was one of the daily features. Stables were provided on the east edge of the fair grounds, the free use of which was given to the owners of such horses as cared to use them. It was the custom of appellant to give an exhibition of fireworks each evening during the progress of the fair. These fireworks were set off in the northerly end of the enclosed grounds, and the sky rockets and other like pieces were aimed so as to pass over the line of stables, and into the uninhabited space beyond. The sky rockets frequently fell upon the stables and into piles of refuse just beyond them, and in order to protect the stables a number of watchmen were stationed around them during the display and for some time thereafter. All these facts were well known to respondent, and appreciating the danger of the situation, he instructed his employees to take precaution against the danger from fire.

Two grounds of negligence were pleaded; first, in the careless and negligent manner in which the burning material was permitted to fall upon the stables and the inflammable matter adjacent to them; and second, in failing and neglecting to furnish adequate protection. The fire occurred in the early morning of October 7, 1911, and the jury, by a special verdict, fixed the negligence of the appellant at the failure "to employ sufficient watchmen at that time of night, especially behind the stables." The defense, among other things, alleged that the respondent fully knew and appreciated the danger, and with such knowledge and appreciation, voluntarily used the stables and thus assumed all the risk of danger from fire. It is because of appellant's contention that, in view of the evidence, the court did not

properly submit this defense to the jury, this appeal is taken.

The first instruction complained of is this:

". . . and if, *notwithstanding the exercise of this care*, there still remained the danger from fire, and plaintiff knew that, notwithstanding such care, such fires were likely to occur, then plaintiff will be held to have assumed the risk of all such dangers; and if you so find, then your verdict must be for defendant."

Appellant complains that, in this instruction, the court improperly limited the defense to respondent's actual knowledge in the use of the phrase "and plaintiff knew." This complaint is well taken. Respondent was chargeable not only with what he knew, but with what under the given circumstances he should have known. If the court had, in other apt instructions, placed this defense before the jury, we should not regard the failure of the court to extend respondent's assumption of danger beyond his actual knowledge, as in this instruction, as fatal; as this instruction is predicated upon appellant's exercise of due care, and the jury having found that appellant did not exercise due care, it might be said the instruction has no application to the finding. This instruction, however, is the only one in which respondent's knowledge of the danger is referred to, and appellant is entitled to have the effect of respondent's knowledge set before the jury in such a way as to embrace what he should have known, as well as what he did know. Again, the defense being contributory negligence which recognizes want of due care on the part of appellant, the jury should have been instructed as to the proper rule to guide them in case they found such want of due care on the part of appellant, and the respondent knew, or should have known, of the danger; and to this end, appellant requested an instruction in which the court was asked to charge that, if the jury should find that the defendant was negligent in respect to setting off the fireworks or in guarding against fires there-

from, and that such negligence brought about the destruc-
tion of any property, the defendant should not be charged
therewith if the plaintiff was aware of the danger that said
property was subjected to by reason of the fireworks, and
knew, or should have known by reason of the conditions exist-
ing at the race track, that a fire was liable to occur in con-
nection with the fireworks, and that the property was liable
to be injured or destroyed thereby, and that under these
circumstances, and with this knowledge, the plaintiff or
the persons in charge of said property left the same exposed
to the risk and danger.   This, or other appropriate charge,
should have been given, otherwise the jury is left to a con-
sideration of the facts from the standpoint alone of whether
or not the appellant exercised due care, when they should
also have been instructed as to the rule in case they found
neither party exercised due care.

It seems to us there can be little, if any controversy as to
what the law is, under the facts disclosed.   The owner of the
premises is liable in damages to those coming to them at his
invitation, who, while in the exercise of due care, are injured
because of some unsafe or negligent condition; but it is
equally true that, when one voluntarily and willingly puts
himself or his property in danger, there is a presumption
that he assumes all the risks reasonably to be apprehended
from such conduct.   In cases of this kind, this assumption
is called contributory negligence, and is as much a defense
in these cases as to any other to which it may be applied.
*Carleton v. Franconia Iron & Steel Co.*, 99 Mass. 216;
*Caniff v. Blanchard Nav. Co.*, 66 Mich. 638, 33 N. W. 744,
11 Am. St. 541; *O'Donnell v. Patton*, 117 Mo. 13, 22 S. W.
903.   Judge Cooley tersely expresses this rule in *Marquette,
H. & O. R. Co. v. Spear*, 44 Mich. 169, 6 N. W. 202, 38 Am.
Rep. 242, in saying:   "That which one consents to, and
invites, he cannot complain of in the law as an injury."
This does not mean that knowledge of the danger will de-
feat recovery by one sustaining an injury because of that

danger. We have held to the contrary in many cases, in saying, as in *Jordan v. Seattle*, 26 Wash. 61, 66 Pac. 114; that knowledge of the danger does not of itself constitute contributory negligence in law; but it may in fact, and it is therefore for the jury to say whether the injured person used care and caution commensurate with such knowledge, thus making it a question of fact. So here, appellant was entitled to have its defense submitted to the jury under proper instructions and its contention determined as any other fact in the case.

Appellant also suggests a question of respondent's right to bring the action as to the damages sustained by others through a like loss, and which right of action has been assigned to him. Without discussing this claim further, we will only say it has been duly considered, and in our opinion it is not well taken. *Bell v. Jovita Heights Co.*, 71 Wash. 7, 127 Pac. 289.

The judgment is reversed, and cause remanded for a new trial.

CROW, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.