[No. 12454. Department One. April 12, 1915.]

E. T. HARRIS, *Respondent*, v. THE CITY OF BREMERTON,
*Appellant.*[1]

MUNICIPAL CORPORATIONS—CITY WHARF—PERSONAL INJURY—QUES-
TION FOR JURY—NEGLIGENCE. Whether a city was negligent in main-
taining a wharf made up of two floats placed end to end, about one
and one-half feet apart, with an apron or platform connecting the
two floats, leaving an open space, which in the nighttime was not
readily observable by reason of the shadow of a pile thrown upon
it, presents a question for the jury, where a ferryman, who had
never before been upon the wharf, but knew the general manner of
its construction, fell into the open space thus cast in shadow.

SAME—CONTRIBUTORY NEGLIGENCE—FORGETFULNESS OF HIDDEN
DANGER. The fact that the person injured had knowledge of the
manner of construction of the wharf would not as a matter of law
constitute contributory negligence, when the danger was so hidden
as not of itself to be a reminder of its existence to one coming within
its presence.

SAME—WHO ARE TRESPASSERS. The fact that a ferryman operat-
ing a launch for hire had not paid the wharfage license required by
the city would not render him a trespasser in the use of a wharf at
which he landed, to the extent of depriving him of the right of pro-
tection against personal injuries received through the city's negli-
gence in maintaining the wharf in a dangerous condition.

APPEAL AND ERROR—PRESERVATION OF GROUNDS—NECESSITY OF EX-
CEPTIONS. Alleged error in the giving of instructions will not be
reviewed on appeal where exceptions to such instructions are not
presented by the statement of facts or bill of exceptions.

SAME—PRESERVATION OF GROUNDS—EXCEPTIONS—INSTRUCTIONS.
Errors assigned in the giving of instructions will not be considered
on appeal where the purported exceptions refer to instructions by
number only, and there are no numbered instructions in the record.

APPEAL—HARMLESS ERROR—REQUESTED INSTRUCTIONS. Refusal to
give requested instructions is not prejudicial error when they were
given in substance in other instructions, in so far as the facts of
the case call for instructions upon the matters requested.

Appeal from a judgment of the superior court for Kitsap
county, French, J., entered June 20, 1914, upon the verdict

[1]Reported in 147 Pac. 638.

of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Jas. W. Carr*, for appellant.

*Vince H. Faben* and *C. D. Sutton*, for respondent.

PARKER, J.—The plaintiff, E. T. Harris, commenced this action in the superior court for Kitsap county, seeking recovery of damages which he alleged resulted to him from the negligence of the defendant city in the maintenance of a floating public wharf used for the landing of launches and other small water craft. Trial before the court and a jury resulted in a verdict and judgment against the city, from which it has appealed to this court.

The city maintains a floating wharf for the use of the public at which small water craft land to receive and discharge passengers. The wharf consists of two floats, each being sixteen feet wide and approximately forty feet long. They lie end to end and project from the shore into deep water. They are held in place by piles so as to permit their rising and falling with the tide. Between the two floats there is a space of about eighteen inches. In this space there are two piles, each near the outer edges of the floats. The floats are held in place by these piles and two chains, fastening the floats together near their outer edges just outside the piles. There was at the time here involved an apron about five feet wide covering a portion of this open space between the floats and the piles, so that on each side between the apron and the piles there was an open space of water of about one and one-half by four feet. These spaces were not protected by railing or otherwise. There was an electric light some twenty-five feet distant from the wharf at right angles thereto, opposite this open space and the piles, so situated that it threw the shadow of one of the piles over the open spaces between the floats, rendering them not readily discernible at night to one passing over the wharf. The

wharf was evidently contemplated to be used by the public in the night as well as in the day, and the light was evidently for the purpose of lighting this wharf as well as another municipal wharf on and near the edge of which it was placed. The maintenance of the floating wharf in this manner, rendering the open space dangerous at night, is the alleged negligence of the city complained of.

At the time respondent was injured, he was operating a launch for hire, being engaged in ferrying passengers between Port Orchard and Bremerton and other points in that neighborhood. He had landed his launch at the wharf to receive and discharge passengers some five or six times only, the wharf being open to the public only a short time. He had never actually been upon the wharf, though he knew in a general way of the manner of its construction and of the open spaces and apron between the two floats of the wharf. On the night of April 5, 1913, about ten-thirty o'clock, he landed at the wharf with his launch. He stepped from the launch upon the wharf and, evidently with the view of reaching the bow of his launch and tying it to the wharf, walked along the wharf and fell into one of the open spaces between the floats, breaking one of his legs and receiving other severe injuries of which he now complains. He apparently momentarily forgot the open space between the floats, and, it then being in the shadow of the pile, he did not see it and was not reminded of it. There is some evidence tending to show that the city knew of the danger of these open spaces in the shadow of the pile at night, and, also, that it knew of other persons having been injured by falling into them.

Some contention is made that the evidence was not sufficient to support the conclusion that the city was negligent in the maintenance of the wharf with the open space therein. We think this contention cannot be sustained as a matter of law, in view of the hidden danger which existed because of the open spaces, and their not being readily observable at night by reason of the shadow of the pile being thrown upon

them, and the fact that people would necessarily have to walk so close to them in passing along the wharf. These facts, we think, made the question of the city's negligence one for the jury to determine. *Gregg v. King County*, 80 Wash. 196, 141 Pac. 340.

It is also contended that respondent was guilty of contributory negligence, in the light of his knowledge of the manner of the construction of the wharf. We are unable to so decide as a matter of law. If the open space had been so apparent at the time that one could have readily seen it and thus been reminded of the danger, there would possibly be merit to this contention, but momentary forgetfulness may absolve one from the charge of contributory negligence when the danger is so hidden as not of itself to be a reminder of its existence to one coming within its presence. We have repeatedly held that mere forgetfulness of hidden danger with which one may be acquainted does not necessarily, as a matter of law, constitute contributory negligence. *Jordan v. Seattle*, 26 Wash. 61, 66 Pac. 114; *Williams v. Ballard Lumber Co.*, 41 Wash. 338, 83 Pac. 323; *Blankenship v. King County*, 68 Wash. 84, 122 Pac. 616, 40 L. R. A. (N. S.) 182.

It is contended that the trial court erred in rulings made upon the pleadings and in excluding evidence which in effect eliminated from the case the question of respondent's being a trespasser upon the wharf at the time he was injured, which question counsel for the city sought to bring into the case with the view of defeating respondent's right of recovery. The fact thus sought to be proven was, in substance, that the city required all persons operating launches or boats for hire to pay wharfage for the privilege of landing at the wharf, and that respondent had failed to make such payment and therefore had no right to land his launch there. The law which regards the maintenance of a wharf for the use of the public as an invitation to all persons to go upon it who may have use for it is stated in 40 Cyc. 917, as follows:

"The keeping of a pier, built into or adjacent to navigable waters for the purpose of loading and unloading vessels, gives a general license to all persons to go upon and use it in the manner and for the purposes contemplated; and so long as it is kept open, the duty rests upon the occupant or owner of keeping it in a safe condition so that those having a lawful right can go upon it without incurring risk of injury. Consequently if a person, when properly on the wharf, in the exercise of reasonable care and diligence, sustains injury through a defect in the wharf, he is entitled to recover, unless the defect was so hidden and concealed that it could not be discovered by such examination and inspection as the construction, uses, and exposures of the wharf reasonably required. Plaintiff's right of action in such a case arises from the duty which the law imposes on the owner or occupant to keep the wharf safe, so long as he should permit it to be open and used, and not from any contract between them."

In view of the public use to which the wharf was admittedly intended by the city, and the implied invitation to the public to go upon it and use it, we think that the mere fact that the respondent had not paid the wharfage did not render him a trespasser to the extent that thereby he lost such right of protection against personal injuries received through the city's negligence when he was upon the wharf as other members of the public had. It may be that the city could have prevented him from landing his launch at the wharf without first paying the wharfage, but the city did not do so. We think that whatever failure there may have been on the part of the respondent to pay for this privilege, it did not affect his rights sought to be enforced in this action. *City of Petersburg v. Applegrath's Adm'r*, 28 Gratt. 321, 26 Am. Rep. 357; *Swords v. Edgar*, 59 N. Y. 28, 17 Am. Rep. 295; *Lowe v. Salt Lake City*, 13 Utah 91, 44 Pac. 1050, 57 Am. St. 708.

Counsel for the city contends that the trial court erred in giving instructions to the jury. We do not find in the statement of facts any exception to the instructions complained of. Under our decisions in *Coffey v. Seattle Elec. Co.*, 59

Wash. 686, 109 Pac. 202, and *State v. Peeples*, 71 Wash. 451, 129 Pac. 108, this would seem to preclude inquiry upon our part touching such claimed errors, since under those decisions there seems to be no way of proper preservation of such question for our review except by bill of exceptions or statement of facts. We find among the clerk's files certified here a paper purporting to be the city's exceptions to the instructions complained of, and by indorsement of the trial judge thereon these exceptions appear to have been allowed by him before the return of the jury to render their verdict. It could be well argued that this is not a bill of exceptions binding upon the respondent properly preserving these questions for review here, in the light of Rem. & Bal. Code, §§ 389, 391 (P. C. 81 §§ 685, 689), prescribing the notice, time and manner of certifying a bill of exceptions or statement of facts. However this may be, these purported exceptions refer to supposed instructions by number only, and there are no numbered instructions in the record before us given by the court. It seems, therefore, quite clear to us that these claimed errors in the giving of instructions do not refer to instructions sought to be reviewed, with such certainty as to enable us to notice them, aside from the question of the exceptions not being otherwise properly preserved by bill of exceptions or statement of facts in the record. The exceptions do not tell us what instructions were called to the trial court's attention and claimed to be erroneous.

By this same method of identification, appellant's counsel had, in the same paper only, attempted to except to the refusal of the court to give certain instructions requested by him to be given. Of these claimed errors we think it is sufficient to say that we have carefully read all these requested instructions and are clearly of the opinion that they were given in substance in so far as the facts of the case call for instructions upon matters therein requested. In connection with these claimed errors, we also pass the question of the proper preservation of exceptions to the refusal of the court

to give these instructions, because of the failure to have such exceptions included in a bill of exceptions or the statement of facts.

Contention is made that the verdict of the jury is excessive to the extent that it evidences prejudice and passion on the part of the jury. We deem it sufficient to say that careful review of the evidence convinces us that the verdict of the jury should not be disturbed upon this ground.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, MOUNT, and CHADWICK, JJ., concur.