CARRIE E. HAYDEN, *Appellant,* v. COLVILLE VALLEY NATIONAL BANK, *Respondent.*[1]

*John T. Raftis* and *Robertson & Smith,* for appellant.

*W. Lon Johnson* and *F. Leo Grinstead,* for respondent.

HOLCOMB, J.—This action was brought for damages for permanent injuries to appellant, a spinster, which

[1] Reported in 39 P. (2d) 376.

she alleged were caused by the negligence of respondent in the maintenance of a single step in the main hallway on the second floor of its bank building in Colville. The case was tried to the court and a jury, which, after hearing conflicting evidence, resolved the evidence in favor of appellant and awarded her twenty-five hundred dollars. This verdict was later set aside by the court, and judgment entered for respondent, notwithstanding the verdict, dismissing the action upon the ground that appellant's own evidence showed that she was guilty of contributory negligence, as a matter of law, and that the step upon which she had fallen was not inherently dangerous or defective. At the same time, an alternative motion for a new trial was denied.

A memorandum decision was filed by the trial judge, which may be summarized as follows: (1) There was nothing inherently dangerous about the step in question; it was not defective or improperly constructed; and (2) appellant had been over the step twelve or fifteen times before, had passed over it thirty or forty seconds before she fell, knew the step was there, failed to use ordinary care and caution, and walked off the step without paying any attention to where she was going, and, as a result, fell and was injured; and is, therefore, guilty of contributory negligence as a matter of law.

The sole assignment of error is in granting the motion for judgment notwithstanding the verdict and dismissing the action.

The trial judge seemed to consider that certain answers made by appellant to interrogatories when her deposition was taken, while she was in a hospital, should be construed most strongly against her. That is incorrect. In passing upon a motion for a judgment notwithstanding the verdict, all statements

favorable to the contention of plaintiff must be taken as true, and the trial court must consider all inferences most favorable to plaintiff and most strongly against defendant. *Fisher v. Tacoma Railway & Power Co.,* 148 Wash. 122, 268 Pac. 180; *Bryant v. Hartford Eastern Railway Co.,* 158 Wash. 389, 290 Pac. 874.

The court can find one guilty of contributory negligence, as a matter of law, only when the standard of duty is fixed and the measure of duty defined by law, and is the same under all circumstances; or where the facts are undisputed and but one reasonable inference can be drawn from them; and if different results can not honestly be reached by different minds. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Bell v. Northwest Cities Gas Co.,* 164 Wash. 450, 2 P. (2d) 644.

Although there was conflicting evidence, the evidence on behalf of appellant showed substantially these facts: About 1908, the building now owned by respondent was constructed. At that time, it consisted of the banking room on the street floor and several offices on the second floor to which access was had by a flight of stairs consisting of twenty-seven steps located in the rear of the banking room and at the back of the building. At that time, a single hallway step, from which appellant fell, was constructed. Originally, a window was evidently contemplated at the top stair landing, which would have furnished direct light upon this step. The following year an annex of the same height was built at the rear of the original building. The stairway constructed to serve the original building was also used to give access to the annex. The hallway to the annex was connected with the original stairway landing.

The step in question is a single step, six and one-half inches in height. To one in the hallway approach-

ing this step, *which extends* across the hallway to the west of the stair landing, and looking east into the annex hallway, the entire hall of about seventy feet in length had the appearance of one level floor in both buildings. This unusual step was deceptive in appearance. It was not readily discernible. There was nothing to attract one's attention to it, and unless one had a present knowledge of the step, or was actually looking at it, it was dangerous.

Witnesses testified that it was not standard construction; that there were no signs or warnings about the step, such as an arrow, a marker on the floor, a return railing, or an artificial light, when the accident occurred, although there was a light situated directly over the landing, which the evidence showed was turned on at times during the day, but that the hallway was in darkness when appellant fell on this step. The only natural light which could reach the step had to come from a skylight about eleven feet west, which was dark and dim, and a window about thirteen feet east, which, from their locations, threw no direct light upon this obscure step. The step was situated in a shadow, and on and prior to August 30, 1933, the date of the injury to appellant, the walls and floors were dark and dingy. Others had stumbled or fallen on this step prior to that day, and a director of the bank had notice of that fact and had commented upon it.

On August 30, 1933, appellant, then seventy-three years of age, was in Colville on business matters. She desired to consult with her attorneys, whose office was in the bank building, about an important legal matter. The door of their office was about seven feet west of the step in question. As she ascended the main stairway, she paid no particular attention to any step or steps, but walked up in the normal and usual way, with all steps raised before her eyes, with her mind cen-

tered upon and entirely occupied by her business. In going up, all steps, in effect, were one stairway. In returning, there was this step in the hallway and a separate stairway descending at a right angle. She had not been in the bank building for at least a year, although she had been on that floor of the building from twelve to fifteen times before, and had no particular recollection or impression of this hallway step upon which she later fell.

She reached the door of her attorneys' office and found it locked, which unexpected fact distracted her. Also, at that time painters were engaged in renovating the hallway in question, although they had not then redecorated and lightened the walls, floor and surroundings, about this step. There was confusion in the building on that floor, and she became confused and distracted. She hesitated there in the hallway for a short time, debating whether to go down stairs and come back later or remain there until her attorneys returned. After a minute or two, or possibly more, she decided to go down and return later.

She started from the door of her attorneys' office and approached the stairs, at which time her attention was diverted by a man at the end of the hallway in front of her and by a door opening into a room there. It was very dark in the hallway, and she did not see the step. She did not know it was there, and there was nothing to warn her of its presence. Her mind was on her business and the distraction in the hallway. The light at the stair landing was turned off. Any previous observation she may have made of that step was merely a passing glance, such as would apply to the stairway, leaving no particular impression, and at no time did she know or observe that this single step out of the twenty-eight steps was dangerous or perilous to one approaching from the hallway. She was proceeding

in a natural, normal way to the stairs, assuming, without present knowledge of the obscure and deceptive step, that the hallway down which she was proceeding to the stairway was level, as it appeared to be and as are the great majority of hallways in public buildings. Without warning, she was precipitated off this hallway step, falling to the floor and breaking her hip.

Two witnesses on behalf of appellant, who were experienced carpenters and builders, testified, and also three who testified on behalf of respondent, admitted, that it is not standard building practice to have a step-down in a corridor; that there should be a window or light to indicate the step, and that there exists no warning in this instance to so indicate this step; that this step was impaired without proper light. Appellant's witnesses testified that the stairway should have a return railing; that the railing does not extend around to include this step in the hallway; that, in glancing down the hall from certain offices, the floor would appear to be level; that proper construction would be to eliminate the step altogether and have the hallway level; that the step is deceptive on account of the shadow cast over it; that the step was dark, obscure, and in a dangerous condition, because it has nothing else leading directly to it; that it cannot be readily seen and that the step itself casts a shadow; that such a step in a hallway is not permissible; that you would never expect to find a step breaking the hallway after ascending the stairs.

The leading case in this state on the question of contributory negligence of a person injured and defining when it is a question of fact and when a question of law, is *McQuillan v. Seattle, supra.* In that case the trial court withdrew the case from the jury on the ground that, as a matter of law, there was con-

tributary negligence on the part of the plaintiff. The court held:

"The question of contributory negligence is for the jury to determine from all the facts and circumstances of the particular case, and it is only in rare cases that the court is justified in withdrawing it from the jury. . . .

"The mere fact that the appellant was aware of the defective condition of the sidewalk when the accident occurred is not *per se* conclusive of negligence on his part, though it was competent evidence on the question of contributory negligence. . . . All that the law required was the exercise of such care and caution as a person of ordinary prudence would use under similar circumstances."

We also there held that momentary forgetfulness of the defective condition of a sidewalk at the time of receiving an injury by one who has knowledge of the defect, is not necessarily conclusive proof of negligence. In that case, the judgment of the trial court was reversed.

That decision was followed in *Jordan v. Seattle,* 26 Wash. 61, 66 Pac. 114, where, after reaffirming that case, we took occasion to say:

"If the danger arising from the known defect is obviously of such character that no person, in the exercise of ordinary prudence, would attempt to pass over the sidewalk at that point, or over a particular part thereof, or in other words, if such attempt would of itself, plainly and unequivocally amount to a want of ordinary care and prudence, it may be so decided as a matter of law."

In *Messir v. McLean,* 51 Wash. 140, 98 Pac. 106, where the trial court granted a judgment in favor of the defendant notwithstanding the verdict of the jury in favor of plaintiff, for personal injury sustained by an employee in a hotel, we reversed the action of the trial court, holding that there was sufficient evidence

of negligence on the part of the hotel owner, and further said:

"True, the evidence on the part of the respondent tended to show that the place complained of as unsafe was reasonably safe, and that the injury was the result of the appellant's own negligence. But this left a question for the jury, not the judge, to determine, and it was error on the part of the court to grant judgment notwithstanding the verdict. Of course, if the judge was of the opinion that the evidence preponderated in favor of the respondent, it was his province to grant a new trial so that the question of fact might be submitted to another jury, but it was not his province for any such reason to take the question from the jury and determine it as a finality himself."

In *Polk v. Spokane Interstate Fair*, 73 Wash. 610, 132 Pac. 401, we first quoted from a decision by Judge Cooley, in *Marquette, H. & O. R. Co. v. Spear*, 44 Mich. 169, 6 N. W. 202, 38 Am. Rep. 242, saying: "That which one consents to, and invites, he cannot complain of in the law as an injury."

We there said:

"This does not mean that knowledge of the danger will defeat recovery by one sustaining an injury because of that danger. . . . knowledge of the danger does not of itself constitute contributory negligence in law; but it may in fact, and it is therefore for the jury to say whether the injured person used care and caution commensurate with such knowledge, thus making it a question of fact."

*Johnson v. Smith*, 114 Wash. 311, 194 Pac. 997, is another case where the trial court granted a judgment notwithstanding the verdict of the jury in favor of plaintiff for personal injuries, which we reversed, saying, among other things:

"We have permitted recovery in all cases where the stairway was dangerously located or was unprotected or was poorly lighted, or tended to form a trap. *Stone v. Smith-Premier Typewriter Co.*, 48 Wash. 204,

93 Pac. 209; *Emmons v. Charlton & Co.*, 63 Wash. 276, 115 Pac. 163; *Driscoll v. Devenere*, 110 Wash. 307, 188 Pac. 408.''

We have sustained recovery in cases where the obstructions or defects were more apparent or less obvious than in the present case in two recent cases. *Watson v. Zimmerman*, 175 Wash. 410, 27 P. (2d) 707; *Wiard v. Market Operating Corp.*, 178 Wash. 265, 34 P. (2d) 875.

Respondent and the trial court seem to rely greatly on *Viles v. Thunborg*, 164 Wash. 190, 2 P. (2d) 666; *Walker v. Washington State Theatres, Inc.*, 165 Wash. 608, 5 P. (2d) 981, and the cases cited and approved in *Viles v. Thunborg, supra.* In that case, as shown in the opinion, the undisputed facts show that there was a single step at the door or entrance of the lavatory in a hotel which plaintiff was visiting. The step was not unusual, nor obscure, nor a blind, nor deceptive. Plaintiff admitted that the lavatory was well lighted from a window on the inside, and that the light went into the hall across the step. Upon entering the lavatory, she saw the one step and stepped up on it. Upon leaving the lavatory, she had to pass through a door which opened inward. She said she walked right out upon opening the door, thus clearly showing that she failed to exercise due care for her own safety, because she was aware and conscious of the step. We also there said:

''Nor does she bring herself within the rule of momentary forgetfulness which absolves one from the charge of contributory negligence where the danger is not so apparent of itself as to be a reminder of its presence. Here was no hidden danger. The fact that the lavatory floor was higher than the hallway floor was open, obvious and apparent to her.''

Those facts distinguish that case from the case at bar.

The *Walker* case, *supra,* is less in point here. In that case, the accident happened in a theatre building where there was an ordinary three-step stairway with the average width of treads and risers. The stairway was carpeted. No one testified as to the condition of the carpet. There was no evidence as to any bulge or inequality on the riser of the second step where she said she stumbled and fell, and nothing but speculation as to what did cause her to fall. Manifestly, there was not the slightest showing in that case of either negligence on the part of defendant in the case, or of anything that could have caused the accident. Those facts distinguish that case from this.

See, also, *McLeod v. Spokane,* 26 Wash. 346, 67 Pac. 74; *Harris v. Bremerton,* 85 Wash. 64, 147 Pac. 638, Ann. Cas. 1916C, 160; *Colquhon v. Hoquiam,* 120 Wash. 391, 207 Pac. 664; *Clausing v. Kershaw,* 129 Wash. 67, 224 Pac. 573; *Glasgo v. Spokane,* 139 Wash. 75, 245 Pac. 406; *Smith v. Tacoma,* 163 Wash. 626, 1 P. (2d) 870, 75 A. L. R. 1508.

We are compelled to conclude that the trial court erred in granting judgment notwithstanding the verdict. If he considered that the evidence on behalf of respondent outweighed the evidence on behalf of appellant, as was said in the *Messir* case, *supra,* he should have granted a new trial. This was not done.

The judgment is reversed, and remanded with instructions to reinstate the verdict and enter judgment thereon.

BEALS, C. J., MITCHELL, STEINERT, and BLAKE, JJ., concur.